THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY TRAVIS, Appellant.

(Argued October 12, 1931; decided November 17, 1931.)

*David Lavene* and *Harry S. Travis* for appellant. The People failed to establish that the defendant was guilty of violating a valid and legal speed ordinance of the village of Port Dickinson. (*People* v. *Miller*, 38 Hun, 82; *Porter* v. *Waring*, 69 N. Y. 250; *City of New York* v. *Seely-Taylor Co.*, 149 App. Div. 98; 20t N. Y. 548; *People* v. *Cronin*, 91 Misc. Rep. 342; *Harket* v. *Mayor*, 17 Wend. 199; *People* v. *Traina*, 92 Misc. Rep. 82; *People* v. *McGaghey*, 124 Misc. Rep. 108; *People* v. *Chapman*, 88 Misc. Rep. 469; *People* v. *Averill*, 124 Misc. Rep. 383; *Matter of Borough of Verona*, 108 Penn. St. 82; *Schwartz* v. *City of Oshkosh*, 55 Wis. 490; *Pearis* v. *City of Des Moines*, 196 Iowa, 222; *Franklin* v. *Horton*, 97 N. J. L. 22; *Kneib* v. *People*, 50 How. Pr. 140; *Newport* v. *Newport Nat. Bank*, 148 Ky. 213; *People* v. *Read*, 256 Ill. 408.)

*Frank L. Wooster, District Attorney* (*Walter H. Parker* of counsel), for respondent. The People proved the existence of a valid speed ordinance of the village of Port Dickinson. (*Chapman* v. *Selover*, 225 N. Y. 417.)

*Per Curiam.* The ordinance adopted by the village of Port Dickinson on April 7, 1924, limiting the speed of motor vehicles to one mile in three minutes, did not take effect as law until an official copy had been on file thirty days with the State Tax Commission (Highway Law; Cons. Laws, ch. 25, § 288, as amd. by L. 1921, ch. 580).

The People were under a duty to establish the filing of such a copy in accordance with the statute, and their case against the defendant was insufficiently made out upon the trial in that evidence of filing was omitted,

though the omission was brought to. the notice of the trial court

Even so, the People are at liberty in support of the judgment of conviction to supply record evidence which, if offered at the. trial, could not have been overcome (*People* v. *Flack*, 216 N. Y. 123).

This they have now done by submitting evidence to this court that a copy of the ordinance was filed in the Bureau of Motor Vehicles of the State Tax Commission on April 17, 1924.

The Bureau of Motor Vehicles became a branch of the State Tax Commission on March 16, 1921 (Tax Law; Cons. Laws, ch. 60, § 179-b; L. 1921, ch. 90, § 8; cf. Highway Law, § 288, as amd. by L. 1921, ch. 580, and Highway Law, § 280, as amd. by L. 1924, ch. 360, and L. 1927, ch. 458).

The offense complained of was committed on March 17, 1930.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.