The People of the State of New York, Respondent, *v.* Chester B. Smith, Appellant.

County Court, Suffolk County, September 17, 1948.

*Jules B. St. Germain* for appellant.

*Lindsay R. Henry, District Attorney (Harry C. Brenner* of counsel), for respondent.

Ritchie, J. This is an appeal by the defendant from a judgment of conviction in the Court of Special Sessions of the Town of Islip. The conviction was had for speeding under subdivision 3 of section 56 of the Vehicle and Traffic Law.

Said subdivision provides as follows: " A rate of speed by a motor vehicle or motor cycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful ".

The defendant raises four points in support of his appeal: (1) That inasmuch as the above subdivision contains an exception, it was incumbent upon the People to allege and prove the same, and that inasmuch as they failed to do so the information was jurisdictionally defective; (2) That the People failed to prove that the highway upon which the offense was alleged to have occurred, was a public highway; (3) That the absence of the defendant from court at the time sentence was passed, constituted a jurisdictional defect; and (4) That the guilt of the defendant was not established beyond a reasonable doubt.

As to point 1, a close reading of the controlling decisions reveals that the following principles are well established as the law of this State:

(a) When a statute contains in and as a part of its enacting clause an exception or exceptions to the effect that in certain cases, or under certain circumstances, the offense prohibited by the statute is not to be considered as having been committed, that constitutes a true exception which it is necessary for the People in an action, based upon the statute, to negative both by pleading and by proof.

(b) Where, however, there is no such exception in the enacting clause of the statute, or referred to therein, but later in the statute or in a subsequent statute an exception or exceptions are enumerated, there is then presented the case of a proviso, rather than an exception, and the People bringing action upon the statute need neither plead the negative of the exception nor adduce proof of such negative in order to make out a prima facie case. (*People* v. *Stedeker,* 175 N. Y. 57; *People* v. *Devinny,* 227 N. Y. 397; *Rowell* v. *Janvrin,* 151 N. Y. 60; *Harris* v. *White,* 81 N. Y. 532; *Fleming* v. *People,* 27 N. Y. 329; *People* [*Lewis*] v. *Kollender,* 169 Misc. 995.)

The statute in question here does contain a specific exception which is more fully covered in article 7 of the Vehicle and Traffic Law, entitled " State Traffic Commission ".

Section 95-c of article 7 of said law gives the State Traffic Commission the right to create speed zones and to provide for a speed therein in excess of that provided for in subdivision 3 of section 56 of the same law. Therefore, if a person operates a motor vehicle within a speed zone created by the commission wherein a greater speed than fifty miles per hour is allowed, and he exceeds a speed of fifty miles per hour, but stays within the limits provided for in the commission's regulation, he has not committed the offense provided for in subdivision 3 of section 56, nor for that matter any offense or crime whatever. Further-

more, if he exceeded the maximum speed allowed by the commission's regulation, assuming such maximum speed to be in excess of fifty miles per hour, he still would not be in violation of subdivision 3 of section 56, inasmuch as he would have to be prosecuted under section 95-c which prescribes its own penalty for a violation thereof.

Accordingly, I hold that the language of subdivision 3 of section 56 of the Vehicle and Traffic Law contains a true exception which the People were bound to negative both by pleading and by proof. They having failed to do so, the information is fatally defective.

In the light of this ruling, there is no necessity for passing upon the other points raised in the appellant's case.

The judgment of conviction of the Court of Special Sessions of the Town of Islip is reversed, the information dismissed and the fine remitted.