THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES MARTIN, Appellant.

County Court, Broome County, January 11, 1955.

*Justin C. Flannigan* for appellant.

*Robert E. Fischer, District Attorney* (*Louis J. Casella* of counsel), for respondent.

BRINK, J.  The defendant was convicted of speeding on the 6th day of March, 1954, in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York, following a trial before A. E. CADY, Esq., Justice of the Peace without a jury.  In his affidavit of errors, the appellant contends: first, that the verdict is against the weight of evidence; second, that the trial court erred in denying defendant's motion to dismiss the information on the ground that it did not state facts sufficient to constitute a crime.  An examination of the trial record clearly shows, that the Trial Judge was justified in finding, that the defendant operated his automobile for more than a quarter of a mile at a rate of speed exceeding fifty miles per hour.  The information contains sufficient allegations to properly charge the defendant with violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York.

The sole question on this appeal which merits serious consideration, is the contention by appellant's counsel, that the People did not establish on the trial, that no greater speed than fifty miles per hour was permitted at the place of the alleged violation, by the State Traffic Commission, although this fact was set forth in the information.

The law seems to be well settled, that in a prosecution of this type, the People must both allege and prove, that no speed greater than fifty miles per hour was permitted by the State Traffic Commission. (*People* v. *Smith*, 192 Misc. 965, affd. 299 N. Y. 707; *People* v. *Palumbo*, 130 N. Y. S. 2d 583; *People* v. *Conte*, 130 N. Y. S. 2d 66.) No such proof was offered on the trial of this case.

However, upon the argument of this appeal, the People produced a certificate under seal, dated July 13, 1954, and signed by Lloyd A. Maeder, Director of the State Traffic Commission, which states, '' the State Traffic Commission hereby duly certifies that it has not fixed a maximum speed rate greater than 50 miles per hour on or along any highway within the State of New York.'' The assistant district attorney requested permission to add this certificate to the appeal record for the purpose of supplying the deficiency in the proof.

Without question, this certificate would have been admissible in evidence on the trial under section 66 of the Public Officers Law and section 367 of the Civil Practice Act. It is the contention of the District Attorney, that under *People* v. *Travis* (257 N. Y. 474), the People can support a judgment of conviction in this manner. The defendant's counsel has attempted to distinguish the type of evidence in this case from the situation in the *Travis* case. In *People* v. *Travis* (*supra*), the prosecution failed to prove the filing of a copy of a village ordinance limiting the speed of motor vehicles, with the State Tax Commission. The Court of Appeals permitted the District Attorney to submit evidence to that court to prove that a copy of the ordinance was filed in the Bureau of Motor Vehicles under the State Tax Commission, April 17, 1924, and affirmed the conviction. In a *Per Curiam* decision the court, after stating that it was the duty of the prosecution to establish the filing of such a copy in accordance with the statute and the People's case was insufficient without it further stated (p. 476), '' Even so, the People are at liberty in support of the judgment of conviction to supply record evidence which, if offered at the trial, could not have been overcome ''.

In this court's opinion, the same reasoning applies to the present case. A certification, that the State Traffic Commission has not fixed a maximum speed rate greater than fifty miles per hour on or along any highway within the State of New York, properly executed is just as uncontrovertible as proof of the filing of an ordinance. The truth and accuracy of the

certification was not disputed by the defendant's counsel on the argument of the appeal or in his brief and certainly could not have been successfully controverted on the trial. The respondent's motion to add the certificate of the State Traffic Commission to the record is granted.

With this proof supplied, the judgment of conviction should be affirmed. An order may be submitted accordingly.