James D. Hurley, J.
This is an appeal by the defendant from a judgment of conviction in the Court of Special Sessions of the Town of Williamson. The conviction was had for speeding under subdivision 3 of section 56 of the Vehicle and Traffic Law on July 10, 1957.
Subdivision 3 of section 56, as amended by chapter 114 of the Laws of 1957, effective March 23, 1957, provides as follows: “A rate of speed by a motor vehicle or motor cycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful. Absence of signs erected pursuant to the provisions of section ninety-five-c of this article on any state highway outside of cities or incorporated villages shall be presumptive evidence that the state traffic commission has not fixed a maximum speed greater than fifty miles per hour at that location. ’ ’
The appellant contends, among other things, that the conviction cannot stand because there was no proof given at the trial showing that no greater speed was permitted by the State Traffic Commission at the time and place of the alleged offense.
Prior to the amendment of this section in 1957, it had been held that the information must allege and the People must prove affirmatively that there was no regulation of the State Traffic Commission established and effective at the time and place of the alleged offense permitting a speed in excess of 50 miles per hour. (People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707.)
It therefore was incumbent upon the People under subdivision 3 of section 56 to adduce positive proof that there was no such regulation of the State Traffic Commission permitting a speed in excess of 50 miles per hour.
Subdivision 3 of section 56, as amended in 1957 did not change the law, but provided that the absence of signs erected pursuant to section 95-c of the Vehicle and Traffic Law permitting a speed in excess of 50 miles per hour at the time and place of the alleged offense, was presumptive evidence that the State Traffic Commission had not permitted a maximum speed greater than 50 miles per hour at that location.
While this amendment makes it easier for the People to prove a speeding charge, it does not do away with the necessity of some proof that the State Traffic Commission had not per *112 mitted a greater speed than 50 miles per hour at the time and place of the alleged offense.
The record before me is barren of any testimony as to the speed permitted by the State Traffic Commission, either by a certificate from the State Traffic Commission or by testimony as to the absence of signs indicating that a greater speed than 50 miles per hour is permitted.
Under these circumstances, it is unnecessary to consider the further points raised on the appeal.
The judgment of conviction of the Court of Special Sessions of the Town of Williamson is reversed, and the fine remitted.
Submit order accordingly.