Francis A. Spurges, J.
On September 23, 1957, the defendant-appellant, after trial before a Justice of the Peace of the Town of Carlton, Orleans County, was found guilty of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York.
The first sentence in subdivison 3 of said section 56 reads as follows: “A rate of speed by a motor vehicle or motor cycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful.” It is apparent that to convict under this subdivision, the prosecution must show: (1) That defendant was driving on a public highway in excess of 50 miles an hour for a distance of one fourth of a mile or more, and (2) that a greater speed is not permitted on said highway by the State Traffic Commission.
Tn People v. Smith (192 Misc. 965) the County Court of Suffolk County held that the words “ except where greater speed is permitted by the state traffic commission ” constitute a true exception which the People were bound to negative both by pleading and by proof. This holding was unanimously affirmed by the Court of Appeals (299 N. Y. 705).
It is true that since this holding, the said subdivision 3 of section 56 was amended by chapter 114 of the Laws of 1957, in effect March 23, 1957, by adding to subdivision 3 the following-sentence: “Absence of signs erected pursuant io the provision of section ninety-five-c of this article on any state highway *713 outside of cities or unincorporated villages shall he presumptive evidence that the state traffic commission has not fixed a maximum speed greater than fifty miles per hour at that location.”
The information in this case seems to be sufficient but proof seems quite inadequate. According to the transcript of the testimony as contained in the return of the Justice of the Peace, the People not only failed to prove that no greater speed than 50 miles per hour was permitted on this highway, but the trooper who testified that 50 miles per hour was the speed limit, admitted, on cross-examination, that he had no proof and testified that he did not know of any signs setting the speed limit at 50 miles per hour and the People failed to produce any testimony as to absence of signs erected pursuant to section 95-e. In other words the People not only failed to produce proof that a speed greater than 50 miles per hour was not permitted by the State Traffic Commission but they failed to produce any evidence as to the absence of signs which would, under the statute, be presumptive evidence that a speed in excess of 50 miles per hour was not lawful on this highway.
Furthermore, the evidence that the defendant drove his automobile on this highway at a speed in excess of 50 miles per hour for a distance of one fourth of a mile, is very vague and not only fails to meet the usual requirements of evidence of a crime but fails to conclusively meet the fair preponderance of evidence required in a civil case. A careful study of the testimony of the People’s witnesses, which were the two.troopers who made the arrest, indicates that the troopers were clocking the speed of their own car solely by its speedometer, with no proper proof as to accuracy of their speedometer other than the bare statement of one that it had been calibrated on August 20, 1957. The substance of the testimony of the troopers was that they had followed the defendant’s car from the intersection of Route 18 and Route 98 (which was some distance north of the hamlet of Carlton Station) through Carlton Station and the defendant’s car was then traveling about 35 miles per hour, but that when they reached a culvert on Route 98, which was about 800 feet from the south bounds of Carlton Station, they followed the defendant’s vehicle at a speed of 70 miles per hour for a distance of seven-tenths miles (that is the speed of the troopers’ vehicle was 70 miles per hour for a distance of seven-tenths miles) and that the defendant’s vehicle then slowed up to about 35 miles per hour and that they followed the defendant’s vehicle and turned on the red blinker light and that the defendant then stopped.
*714 At the end of the People’s case, the defendant made a motion to dismiss and over the defendant’s objection the Justice recalled one of the troopers who, according to the return, testified as follows: 1 ‘ The Police car neither gained nor did the defendant’s vehicle pull away.” The Justice then denied the motion to dismiss the charge and the defendant took the stand in his own behalf. He testified in substance, that he had stopped at the intersection of the Point Breeze Boad (Boute 98) and Boute 18 and that he then continued at a speed of 35 miles per hour all the way to Carlton Station, then slowed down to about 25 to 30 miles per hour because he had an idea that he might stop there, but that he changed his mind and went on through at about the same rate of speed and that as he left Carlton Station his speed “ probably increased to about 35 miles per hour ”, and that when he saw the blinking red light behind him, he stopped.
The testimony of the People’s witnesses and the testimony of the defendant is substantially in accord as to the estimated speed of the defendant’s car, excepting for a distance of seven-tenths of a mile when the troopers claim that they followed the defendant at a speed of 70 miles per hour, according to the speedometer on the troopers’ car. The testimony of the troopers as to the distance of their automobile from the defendant’s automobile when they started this seven tenths of a mile pursuit is very vague and inconclusive. And the People are relying upon the reading of the speedometer, on the troopers’ car, with no proper or competent evidence as to its accuracy. And the People have absolutely failed to negative the exception contained in subdivision 3 of section 56 of the Vehicle and Traffic Law and have failed to produce any evidence which could be construed as presumptive evidence that the State Traffic Commission had not fixed a maximum speed greater than 50 miles per hour at that location.
In view of the fact that this alleged violation occurred in the nighttime and when car lights were on and in view of the fact that there was no claim made that the defendant had driven in excess of 50 miles an hour for a distance one fourth of a mile excepting on one occasion when he is alleged to have driven for seven tenths of a mile in excess of 50 miles per hour, according to the speedometer on the car of the arresting officers, and which car was following at an unstated distance back of the defendant’s car, the possibility that the arresting officers may have made an honest mistake in estimating the speed of the defendant’s car and the distance travelled is quite evident. In *715 any event, it seems clear that the People have failed to meet the burden of proof required for a conviction of violation of subdivision 3 of section 56 of the Vehicle and Traffic Law.
Judgment reversed, the information dismissed and any fine paid ordered remitted.