Fred J. Munder, J.
An application was made herein to reargue an appeal on which this court rendered a decision on November 19, 1957. The application was granted and after the reargument the court decides to amplify and amend its original decision.
The defendant appeals from a conviction for speeding. The information alleged that she drove a motor vehicle on Veteran’s Highway in the town of Islip, ‘ ‘ a public highway in said town *322 and county, at a rate of speed in excess of fifty miles per hour for a distance of more than one-fourth of a mile, no greater speed being permitted at that place by the State Traffic Commission.”
The prosecution proceeded upon the theory that proof of the absence of signs permitting a greater speed than 50 miles per hour created a presumption that satisfied the rule expressed in People v. Smith (192 Misc. 965, affd. 299 N. Y. 707) requiring proof negativing the true exception contained in subdivision 3 of section 56 of the Vehicle and Traffic Law.
The difficulty with this theory is that under the presently effective law the presumption arises only in respect to ‘ ‘ any state highway outside of cities or incorporated villages ”. (Italics supplied.) Veteran’s Highway, albeit a public highway, is a county highway and not a State highway within the meaning of section 56. Of that fact judicial notice may be taken and, in fact, on this trial it was observed.
There was no proof that no greater speed was permitted by the State Traffic Commission, which has such power in respect to county and town roads when specially requested by the county superintendent of highways and the town board of the town affected (Vehicle and Traffic Law, § 95-c, subd. 1).
There having been no such proof, and the provision in regard to the presumption being inapplicable, it follows that the judgment of conviction must be reversed.
On the reargument it was urged that the phrase in subdivision 3 of section 56 * ‘ except where a greater speed is permitted by the state traffic commission ’ ’ should be read with the phrase in section 95-c, “the state traffic commission may restrict the speed at which vehicles may proceed on or along certain county roads or town highways ”. (Italics supplied.) It is contended that the legislative intent was to deny to the commission the power to fix a greater speed than 50 miles per hour as to county and town roads and that later legislation (Vehicle and Traffic Law, § 1622, enacted by L. 1957, ch. 698, § 4, eff. July 1, 1958) is proof of such intent.
Although the subject becomes almost academic in this case because undoubtedly the legislative intent reflected in section 1622 is to limit the power of the commission to lowering the speed on county and town roads, I am unwilling to ascribe a similar legislative intent on the presently effective law. I appreciate the attitude of the State Traffic Commission as stated in the letter of its counsel to the District Attorney, which was attached to the papers on the motion for reargument. It construes the present section 95-c as I do section 1622 and presently *323 gives that effect to it by taking the position that it now has no power to fix a speed limit greater than 50 miles per hour on county and town roads. That would be my position too if I were on the commission. It would be impractical to exercise a power I believe now resides in the commission to fix a greater speed on such roads in the face of the law that is to become effective on July 1, 1958.
But I am construing the present section — and the new law, by section 30 of chapter 698 of the Laws of 1957, was given no retroactive effect. I believe that no such precise meaning as that concluded by the commission should be given by the courts to the general word ‘ ‘ restrict ’ ’ as used in section 95-c. As Judge Desmond said in People v. Firth (3 N Y 2d 472, 474): “We may guess at what the draftsman intended and, indeed, as we shall show in a later paragraph, there is material available to show what was intended. But that is not sufficient. For validity the statute must be informative on its face.”
In my original decision I advanced a further reason for reversal on the law, that is, that the defendant being a probation officer is a peace officer (Code Crim. Pro., § 937) and as such is a “law enforcement officer” within the meaning of subdivision 5 of section 56 of the Vehicle and Traffic Law and that it was incumbent on the prosecution to prove, in addition to excessive speed, that the defendant was not engaged in official duties (Vehicle and Traffic Law, § 56, subd. 5). This is properly a matter of defense and until raised requires no negation by the prosecution.
Both the District Attorney and defense counsel, on the reargument, have asked that the appeal be considered on the facts as well as the law. I have reviewed the evidence presented and find it insufficient to support the judgment of conviction. It fails to meet the standard suggested in People v. Heyser (2 N Y 2d 390).
Thus on reargument the judgment is reversed on the law and on the facts.