Edward M. O’Cormah, J.
The defendant was convicted on May 13, 1958 of speeding in excess of 50 miles an hour along Route 84, in the Town of Montgomery, in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law. The defendant now assigns as an error requiring the reversal of his conviction the failure of the proof given at his trial to establish *107 that no greater speed than 50 miles an hour was permitted by the State Traffic Commission on Route 84 at that time and place, as alleged in the information.
While the return of the Justice of the Peace does not indicate any testimony in this connection, the affidavit submitted on behalf of the defendant on this appeal states that the only evidence concerning the speed limit on Route 84 in the area in which the defendant was stopped by the police officer was the following:
‘ ‘ By the Justice: Is any greater speed of 50 miles per hour permitted on Route 84?
“ By the Trooper: No.”
Subdivision 3 of section 56 was amended by chapter 114 of the Laws of 1957, and the following language was added thereto: 1 ‘ Absence of signs erected pursuant to the provisions of section ninety-five-c of this article on any state highway outside of cities or incorporated villages shall be presumptive evidence that the state traffic commission has not fixed a maximum speed greater than fifty miles per hour at that location.”
While the foregoing standard of proof may be so vague that it is incapable of application, that question is not presented on this appeal, because the testimony of the trooper falls far short of the requirement of the provision.
An examination of the memorandum of the Joint Legislative Committee (McKinney’s Session Laws of New York [1957], p. 2039) in respect to the foregoing bill amending subdivision 3 of section 56, indicates that the purpose of the bill was to eliminate the requirement of a certificate of the State Traffic Commission, which has heretofore been a necessary part of the People’s case.
In the court’s opinion, while the Legislature, by the change in the statute, may have substituted a different manner of establishing the fact that the State Traffic Commission has not fixed a maximum speed greater than 50 miles per hour at the location in question, there is nothing in the statute to indicate that the Legislature intended by its amendment to shift to the defendant the burden of pleading or proving this fact.
For this reason, the failure of the People to establish the speed limit, either by a certificate of the State Traffic Commission or by proof with respect to the absence of signs erected pursuant to the provisions of section 95-c of the Vehicle and Traffic Law, requires that the judgment of conviction herein be reversed and the information be dismissed for failure of proof.
Submit order.