Louis G. Bruhh, J.
This is an appeal from a conviction for a violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York rendered by the Hon. Johu 0. Beaver, Justice of the Peace of the Town of Esopus, on the 14th day of September, 1959.
In view of the cases of People v. Magri (3 N Y 2d 562) and People v. Dusing (5 N Y 2d 126) there is little merit to the alleged errors with regard to the calibration of the speedometer and the trooper’s qualification to express an opinion concerning the speed of the defendant’s vehicle.
The only alleged error worthy of discussion is that which charges that the information was jurisdictionally defective in that it failed to properly plead that no speed in excess of 50 miles per hour was authorized by the State Traffic Commission. *224 Subdivision 3 of section 56 provides: “ 3. A rate of speed by a motor vehicle or motorcycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful. Absence of signs erected pursuant to the provisions of section ninety-five-c of this article on any state highway outside of cities or incorporated villages shall be presumptive evidence that the state traffic commission has not fixed a maximum speed greater than fifty miles per hour at that location.” (Emphasis supplied.)
There seems little doubt that the law is well settled that with statutes involving an exception the People must both plead and prove such exception in order to sustain a conviction. (People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707.)
The instant information contains the allegation ‘1 no greater speed being permitted at this place by the New York State Traffic Commission.”
In the opinion of this court, such allegation complies with the test as announced in the Smith case (supra) and is not jurisdictionally defective. (People v. Palumbo, 130 N. Y. S. 2d 583, 585.)
The argument of the defendant that such allegation cannot be made on direct knowledge but must be made on information and belief with proper substantiation attached to the information is without merit, particularly in this case, since Trooper Brennan testified “ That there were no signs that permitted a speed of over fifty miles per hour.”
It now appears accepted that the exception contained in the statute in question can be proven either by proof of the absence of signs or by the introduction of a proper certificate of the State Traffic Commission. (People v. Granger, 10 Misc 2d 321; People v. Van Wieren, 15 Misc 2d 106; People v. Shapiro, 7 N Y 2d 370, 373.)
Therefore, in the instant case, since Trooper Brennan was competent to testify on direct knowledge to the absence of signs to prove the exception, he certainly was competent to allege the exception in the information on direct knowledge.
Furthermore, even if such proof were completely lacking in the record, there is authority indicating it may be supplied on appeal, at least, by means of a proper certificate of the State Traffic Commission. (People v. Martin, 207 Misc. 127.)
Therefore, viewing the record on appeal in the light of section 764 of the Code of Criminal Procedure, it is the opinion of this court that the judgment of conviction should be affirmed.