J. Kenneth Servé, J.
The defendant was convicted of violating subdivision 3 of section 1180 of the Vehicle and Traffic Law of the State of New York in a Court of Special Sessions in the Town of Ridgeway, Orleans County, New York, before the Honorable James F. Andersoh, Justice of the Peace, on the 10th day of December, 1960. The defendant was fined $100 and sentenced to the Orleans County Jail for three days.
The defendant-appellant urges that the judgment of conviction should be reversed because on the trial the People failed to establish by legal evidence that the State Traffic Commission did not permit a greater speed than 50 miles an hour in the area in question and further that he was convicted without proper proof of the speed of his automobile.
Subdivision 3 of section 1180 as amended by chapter 602 of the Laws of 1960, effective October 1, 1960 provides as follows: ‘1 A rate of speed by a motor vehicle or motorcycle on any public highway in excess of fifty miles an hour except where greater speed is permitted by the state traffic commission, shall be unlawful; provided however, that greater speed shall be *175 permitted for a distance of not more than one-fourth of a mile where such greater speed is necessary, in the interests of safety, to enable a motor vehicle or motorcycle to pass a vehicle or vehicles proceeding in the same direction. Absence of signs erected pursuant to the provisions of section sixteen hundred eighty-one on any state highway outside of cities or incorporated villages shall be presumptive evidence that the state traffic commission has not fixed a maximum speed greater than fifty miles per hour at that location.”
The People must prove all of the elements of the charge of speeding beyond a reasonable doubt. (People v. Parker, 192 Misc. 551.) In order to sustain this burden of proof, the People must prove (1) that the defendant was operating his motor vehicle on a public highway in excess of 50 miles per hour and (2) that no greater speed than 50 miles per hour was permitted by the State Traffic Commission at the time and place where the information alleges that the violation occurred.
In this case the People failed to introduce any evidence whatsoever to prove that a greater rate of speed than 50 miles per hour was not permitted by the State Traffic Commission at the time and place set forth in the information. This failure of proof is fatal to the People’s case. (People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707; People v. Van Wieren, 15 Misc 2d 106; People v. Palumbo, 130 N. Y. S. 2d 583.) In order to meet this requirement of proof, the prosecution could have availed itself of the opportunity of offering in evidence a certificate of the State Traffic Commission or it could have offered testimony as to the absence of signs indicating that a greater speed than 50 miles per hour was permitted at the time and place where the alleged violation occurred.
In an effort to establish the rate of speed the defendant was traveling, the police officer testified that he followed the defendant for a distance of three miles at a speed of approximately 100 miles per hour and he based his testimony as to the rate of speed on his personal observation and also from reading the speedometer in the police car. No evidence was submitted as to the testing of the speedometer in the police car for accuracy. Evidence of the reading of an untested speedometer is admissible (People v. Marsellus, 2 N Y 2d 653), but such evidence without more is insufficient to sustain a conviction for speeding. (People v. Heyser, 2 N Y 2d 390.) To supply the additional evidence the People have relied upon the opinion of the police officer.
No attempt was made to qualify the police officer, which would enable him to give admissible testimony as to the rate of speed *176 that the defendant was traveling. The prosecution has the burden of proving the qualification of the witness to make such estimate of speed and to give such opinion. A police officer is not presumed to be so qualified. As any other witness, he must qualify himself by testifying as to his experience in estimating-speed of moving automobiles.
In order that a witness may be qualified to estimate and express an opinion as to the rate of speed in miles per hour, there should be proof of relevant ingredients sufficient to constitute experience in that particular category and the burden of proof thereof is with the People. The proof should be based on "specific experience and familiarity with motor vehicles and their speed and not the casual observation of general experience. (People v. Tanner, 6 Misc 2d 1007).
In the case at bar the police officer’s testimony as to speed was merely an opinion and such opinion without proper qualification of the witness is of no value. The only proof offered as to speed was the reading of an untested speedometer and the opinion of an unqualified witness. Such proof is insufficient.
For the above reasons, the judgment of conviction herein is reversed, the fine remitted, the sentence is vacated and set aside and the information is dismissed.