J. Kenneth Servé, J.
On the 9th day of June, 1960 the defendant was convicted of violating subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York in a Court of Special Sessions in the Town of Bidgeway, Orleans County, New York, before the Honorable Lyman B. Holman, Justice of the Peace. The defendant was fined $40.
In his affidavit on appeal, the defendant claims that his conviction should be reversed because the People failed to establish by legal evidence that the State Traffic Commission did not permit a greater speed than 50 miles per hour in the area, where it was claimed that he was speeding and further that he was convicted without proper proof of the speed of his automobile.
*182 Despite the fact that the Legislature has classed speeding as a traffic infraction and not a crime, the proceeding is quasi-criminal in nature. From the beginning of the trial to the end, the People have the burden of establishing beyond a reasonable doubt every fact essential to the conviction of the defendant. He is presumed to be innocent and the burden is on the prosecution to show otherwise. Failure to do so requires acquittal.
In order to sustain the burden of proof the People must prove (1) that the defendant was operating the motor vehicle on a public highway at the time and place alleged in the information in excess of 50 miles per hour for a distance of one fourth of a mile (this requirement has now been modified by subdivision 3 of section 1180 of the Vehicle and Traffic Law, effective October 1, 1960); and (2) that no greater speed than 50 miles per hour was permitted by the State Traffic Commission at the time and place where the information alleges that the violation occurred.
The People failed to introduce competent evidence to prove that no greater rate of speed than 50 miles an hour was permitted by the State Traffic Commission. This failure of proof is fatal to the People’s case (People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707; People v. Van Wieren, 15 Misc 2d 106; People v. Palumbo, 130 N. Y. S. 2d 583). In order to meet this requirement of proof, the prosecution could have availed itself of the opportunity of offering in evidence a certificate of the State Traffic Commission or testimony as to the absence of signs indicating that a greater speed than 50 miles per hour was permitted at the time and place where the alleged violation occurred.
The arresting officer, a Deputy Sheriff, testified that he clocked the defendant for seven tenths of a mile and at that time the defendant was traveling at a speed of 80 miles per hour. The clocking of the defendant was done by the police officer observing his speedometer. In order to establish the accuracy of the speedometer, the People called as a witness another Deputy Sheriff, who testified that the speedometer in the automobile, which the arresting officer was operating at the time of the arrest of the defendant on June 6, 1960, had been taken to the Harmon Automotive Corporation in Rochester, New York, on April 3, 1959 and at that time the speedometer had been calibrated. There does not appear any testimony that the speedometer had been tested for accuracy between April 3, 1959 and June 6, 1960. The officer, who took the Sheriff’s car to Rochester on April 3, 1959 for the purpose of having the speedometer calibrated, further testified that he witnessed the test of *183 the speedometer, but he did not testify from his own knowledge as to what the test showed. He merely testified that the Sheriff’s office had received a letter from the testing agency, which stated that the speedometer was found to be correct as to both mileage and speed. This testimony was received in evidence over the objection of the defendant. Such testimony should not have been received as it was hearsay. The People made no attempt to introduce in evidence the certificate or letter which gave the results of the calibration test. Under cross-examination the witness testified that from his own knowledge he was not in a position to testify as to the accuracy of the speedometer.
The People did not introduce any other evidence as to the speed at which the defendant was alleged to be operating his automobile. The arresting officer did not attempt to qualify himself and give his opinion as to speed. There is no competent proof in this case as to the rate of speed at which the defendant was operating his automobile. For the above reasons the judgment of conviction is reversed, the information is dismissed and the fine remitted.