Francis J. Donovan, J.
Defendant was charged with a violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law. She was alleged to have operated her vehicle at a speed of 62 miles per hour on Southern State Parkway, where a maximum speed limit of 45 miles per hour has been prescribed by section 6a of Ordinance No. 6 of the Long Island State Park Ordinances.
Her guilt on the facts was so conclusively proven that no discussion of the evidence is warranted.
However, defendant’s counsel raised a question of law which warrants discussion because it is involved in almost every trial of a speeding charge. He moved for dismissal on the ground that the prosecution had failed to prove that the ordinance had been filed with the Department of State pursuant to section 8 of article IV of the Constitution of the State of New York.
Concededly no proof was offered on that point. The prosecutor asked the court to take judicial notice of the ordinance. The court took judicial notice and then ruled that the ordinance was clothed with a presumption of regularity.
Defendant relies heavily on People v. Calabro (7 Misc 2d 732). In the concluding sentence of the opinion in that case, the court exercised its discretion to decline to take judicial notice of a speed regulation of the State Thruway Authority.
At one time courts in New York State were not permitted to take judicial notice of local traffic ordinances or regulations (People v. Traina, 92 Misc. 82). In that state of the law the prosecution was required to prove the fact of filing, but that *946 fact could be proven in the first instance upon appeal by submitting documentary evidence supplementing the record. (People v. Travis, 257 N. Y. 474.) While the terse Per Curiam opinion in People v. Travis adhered to the rule requiring the prosecution to prove the filing, its substantive effect was to relieve the District Attorney of the necessity of submitting the formal proof until an appeal was taken from a conviction.
All of the foregoing was rendered academic by the addition of section 344-a to the Civil Practice Act by chapter 536 of the Laws of 1943. That act authorized the courts of this State to take judicial notice of speed ordinances (People v. Thomas, 199 Misc. 163).
At the present time 4511 CPLR authorizes the court to take judicial notice of acts such as the Long Island State Park Ordinances.
The court in People v. Calabro (supra) seemed to hesitate to take judicial notice because of the possible injustice towards members of the public who might be unaware of the existence or provisions of the regulation.
In the case at bar there is no such problem. Southern State Parkway is a heavily travelled main artery on Long Island. The uncontested proof showed that appropriate signs were erected apprising drivers of the 45-mile limit. The ordinance is a simple one and the sign tersely summarizes its provisions, namely that speed in excess of 45 miles per hour is prohibited. A booklet setting forth the terms of the ordinance has been promulgated by the Park Commission and is at all times available on the Bench for examination by the court or counsel. It is difficult to see how any driver or litigant has any problem in ascertaining the existence or content of the ordinance.
There remains then a question as to proof of filing. If the prosecution is required to submit formal documentary evidence of the filing of a judicially noticed ordinance we have a contradiction. By submitting such evidence, the prosecution will prove the ordinance. But, the purpose of judicial notice is to obviate the necessity of such proof. (Richardson, Evidence [8th ed.], p. 5, § 8.)
It may be said that the court does not take judicial notice of the records of the Secretary of State and therefore the filing of the ordinance is still unproven. Nevertheless a judicially noticed ordinance is entitled to a presumption of regularity (Richardson, Evidence [8th ed.], p. 49, § 71; 9 McQuillin, Municipal Corporations [3d ed.], § 2744; 1 Wharton, Criminal Evidence [12th ed.], § 47).
*947 Defendant at no point contended that the ordinance had not been filed. She relies solely on the absence of evidence on the issue.
The presumption of regularity is based on the general experience that official bodies habitually follow the procedural steps required in enacting or promulgating their official acts. In a rare case such procedure may not be followed. The policy question is: Shall the prosecution in thousands of trials be burdened with proof of facts which are incontrovertible and notorious? Or shall the defendant in the rare case be required to take the simple step of inquiring as to the public record and calling the court’s attention to the absence of such record. The presumption of regularity dictates the latter course.
It is therefore presumed that the Long Island State Park Commission obeyed the constitutional mandate and caused its ordinance to be filed with the Secretary of State. The defendant is found guilty as charged.