Robert J. Trainor, J.
Defendant appeals from a judgment of conviction in violation of section 2-H, village ordinances of the Village of Larchmont (speeding) entered in the Court of Special Sessions, Village of Larchmont, on January 27,1965.
The allegations of error encompass primarily two points.
1. The evidence of speeding was insufficient, and
2. Proof of the speeding ordinance was insufficient.
Considering the second alleged error first, we find that it was the burden of the prosecution to prove, as part of its affirmative case, the enactment and validity of local ordinances restricting speed. A trial court may take judicial notice of ordinances. (CPLr 4511; People v. Goldstein, 43 Misc 2d 945.) It may not take judicial notice of compliance with said ordinance. (People v. Hilton, 8 Misc 2d 151; People v. Zambito, 21 Misc 2d 815.) *584 Compliance can however be proven for the first time upon appeal (People v. Travis, 257 N. Y. 474; People v. Goldstein, supra).
A certified copy of the adoption of the village ordinance in question is submitted to this court by respondent. The document fails, however, to show the posting and publication prerequisite to validity (Village Law, § 95).
The People having failed to prove the existence of a valid speed ordinance, therefore, it is unnecessary to discuss the first alleged error. The judgment is reversed, the information dismissed, and the fine remitted.