William W. Serra, J.
This is an appeal from, a conviction for speeding in violation of section 1180 (subd. [d]) of the Vehicle and Traffic Law, by driving a motor vehicle at a speed of 45 miles per hour in a 35 miles-per-hour zone. The conviction was had in the Court of Special Sessions of the Town of Cuba. The appeal is based upon insufficient proof of calibration of the radar and failure of proof of the speed zone limitation.
The arresting officer, Constable Osmun, testified that on the night in question the radar speed detection device was calibrated as follows: At 9:50 p.m. at 65 miles per hour, by tuning fork; at 9:50 p.m. by Officer Sweet’s driving through the radar beam at 35 miles per hour; at 11:15 p.m. at 65 miles per hour, by tuning fork; at 11:15 p.m. by Officer Sweet’s driving through the radar beam at 40 miles per hour; at 11:45 p.m. by tuning fork at 65 miles per hour. The car and device were out of service and the car moved from 10:40 p.m. to 10:50 p.m. Officer Sweet did not testify. However, it was stipulated by the parties that his test car was properly calibrated and that the speeds in his car were as indicated in Constable Osmun’s testimony, overcoming the hearsay deficiency. The defendant was arrested for speeding at 11:35 p.m. based upon the radar determination of his speed. No identification problem is presented. The rule of reasonable proof of accuracy was laid down by the Court of Appeals in People v. Dusing (5 N Y 2d 126,128). In interpreting this rule the lower courts have been drawing lines of interpretation with which this court concurs. .Based upon the test proof shown as described above the court finds that adequate evidence of calibration of the .radar equipment has been given to meet the test of reasonable proof of accuracy. (See People v. Stephens, 52 Misc 2d 1070; People v. Blattman, 50 Misc 2d 606; People v. Martirano, 52 Misc 2d 64.)
As to the proof of the establishment of the speed zone, the court took judicial notice of the establishment of the speed zone based upon a certificate of the Secretary of State dated March 28, 1967. The violation is alleged to have occurred April 22, 1967, and the trial was had on June 6,1967. Defendant claims that the certificate is not a proper basis for the Judge’s ruling. This position presupposes that the certificate is in evidence and is lacking in continuity. On the contrary, the submission is merely an aid to the court. The court must take judicial notice without request of the Official Compilation of Codes, Rules and Regulations of the State (CPLR 4511, subd. [a]). The regulation *813 involved is promulgated pursuant to the Vehicle and Traffic Law (§ 1622, subd. 1), and is found in the Official Compilation of Codes, Bules and Begulations of the State of New York (15 NYCBB 1102.27) in effect at the time of the violation. This court takes judicial notice of the regulations.
Judgment of conviction is affirmed on the law and the facts.