David K. Floyd, J.
Defendant, by an information set forth in a uniform traffic ticket issued by State Trooper Musik, has been charged with violating subdivision (b) of section 1180 of the Vehicle and Traffic Law by driving a motor vehicle at 65 miles per hour in a zone regulated by the statutory maximum speed of 50 miles per hour. The violation is alleged to have occurred on November 19, 1968, on State Highway 16 north of the southerly boundary of the Town of Aurora.
The matter was tried before this court on January 27, 1969, and while the proof was closed, the prosecution and counsel for the defendant have stipulated that the matter be adjourned to February 10, 1969, for its conclusion and final disposition.
The court finds that the People have proven beyond a reasonable doubt that the defendant was in fact traveling at a speed in excess of 50 miles per hour at the time and place charged in the information. Defendant, however, at the conclusion of the People’s case and at the conclusion of all of the proof, moved for acquittal and dismissal of the information on the ground that the People failed to prove the maximum speed limit on the stretch of the State highway where the violation was alleged to have occurred.
No proof was in fact presented by the People as to the speed limit or to the absence of traffic signs denoting a restricted speed limit on this stretch of highway. Subdivision (b) of section 1180 of the Vehicle and Traffic Law provides as follows:
“ (b) Except when a special hazard exists that requires lower speed for ¡compliance with subdivision (a) of this section or when maximum speed limits have been established as hereinafter authorized no person shall drive a vehicle at a speed in excess *237 of fifty miles per hour.” (Emphasis added.) Thus, but for the exception emphasized, this statute sets forth a statutory maximum speed as to which defendant would be deemed to have notice and which he has been found to have exceeded. The question for determination, then, is whether the prosecution’s case fails for want of proof that there were no higher speed limits established pursuant to the authority granted by this statute.
The court, of course, is fully conversant with the fact that no speeds in excess of 50 miles per hour are permitted in the Town of Aurora. This personal knowledge, however, is not sufficient to satisfy the criteria for proof by the prosecution in a proceeding of this nature.
The establishment of speed restrictions at other than the statutory maximum of 50 miles per hour is specifically authorized under various sections of the Vehicle and Traffic Law referred to in subdivisions (c) and (d) of section 1180. The only pertinent authority is found in section 1620 which provides, as far as applicable here, as follows:
1 ‘ § 1620. Speed limits on state highways, and on Indian reservations (a) The department of transportation with respect to state highways maintained by the state outside of cities having a population in excess of one million, and highways on Indian reservations, may by order, rule or regulation establish higher or lower maximum speed limits at which vehicles may proceed on or along such highways than the fifty miles per hour statutory maximum speed limit. * # * Absence of signs installed pursuant to this section shall be presumptive evidence that the department of transportation has not established a higher maximum speed limit than the fifty miles per hour statutory limit. ’ ’
The Official Compilation of the Codes, Rules and Regulations of the State of New York shows that the Department of Transportation has (vol. 15[B], ch. Ill), promulgated such regulations establishing speed restrictions higher and lower than the statutory maximum within the various counties and municipalities in the State. Section 1014.22 of these regulations (15 NYCRR 1014.22) sets forth the authorized variants from the statutory maximum within the Town of Aurora. No authorized variant is established for the stretch of highway over which defendant has been found to have exceeded the maximum of 50 miles per hour.
CPLR 4511 (subd. [a]) requires the court to take judicial note of “ official compilation of [the] codes, rules and regulations of the state ’ ’. The dictates of this provision of the CPLR appear to apply as well to criminal proceedings such as this. (See People v. Stuck, 54 Misc 2d 811.) In taking judicial notice *238 of these regulations of the State’s Department of Transportation, this court concludes and finds that no maximum speed other than the statutory maximum has been established for the particular stretch of State Highway 16 in question.
The court is not unmindful of, and has reviewed, the several decisions cited by defendant’s counsel (e.g., People v. Barone, 24 Misc 2d 10201; People v. Riordan, 29 Misc 2d 174), that have held that the prosecution has the affirmative burden of establishing the absence of a higher maximum speed limit. These decisions dealt with the predecessor of the present section 1180, which had phrased the exception: ‘ ‘ except where greater speed is permitted by the State traffic commission. ” It is not apparent whether the permissions granted by that commission were officially compiled and none of these decisions apparently considered the question of judicial notice.
The proof presented by the prosecution, together with the judicial notice taken by the court, supports the case of the prosecution and the court finds the defendant guilty as charged.