Bub.ee I. Bubee, J.
This is an appeal from a judgment of conviction in the East Aurora Police Justice Court for violation of a boulevard stop ordinance. Of the numerous errors cited by defendant in the conduct of the trial, the following merit comment:
1. That the People failed to prove due and proper enactment of the ordinance in question.
2. That the People failed to prove compliance with the requirements of section 1684 of the Vehicle and Traffic Law.
3. That interrogation of witnesses by Police Justice William J. Person was improper.
Section 344-a of the Civil Practice Act provides that a trial or appellate court may take judicial notice of “ [a]n ordinance * * * of the appropriate governing body of any * * * village within this state ’ ’. Subdivisions C and D of this section permit any party to offer proof to affect the weight to be given to such judicial notice and further provide that no party is bound to plead any matter of law in order that the trial or appellate court may take judicial notice thereof. Thus it was proper for the trial court to take judicial notice of section 8 of chapter 1 of the Village of East Aurora Ordinances without any proof or pleading on the part of the People.
Section 1684 of the Vehicle and Traffic Law requires permission from the State Traffic Commission before any local author *386 ity, including a village, can place or maintain a traffic control device on any State highway (in this case a stop sign affecting traffic into Main Street, East Aurora). Such failure would be a legitimate defense to a prosecution for a violation of the present ordinance if shown by the defense.
When a statute contains an exception or exceptions to the effect that in certain cases or under certain circumstances the offense prohibited by statute is not to be considered as having been committed, this constitutes a true exception which it is necessary for the People, in an action based upon the statute, to negate.
However, when there is no such exception in the enacting clause of the statute, or referred to therein, but later in the statute or in a subsequent statute an exception is enumerated, there is presented the case of a proviso rather than an exception, and under those circumstances the People bringing the action upon the statute need neither plead the negative of the exception nor adduce proof of such negative in order to offer a prima facie case. (People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707; People v. Devinny, 227 N. Y. 397.)
An examination of the record show’s that the Police Justice asked some questions to clarify his understanding of the testimony and the issues. No Trial Justice need sit through a case in a state of mummification, self-imposed or legally mandated. In People v. De Leyden (10 N Y 2d 293) the Court of Appeals specifically said that it is not error for a Justice to question a witness in order to elicit sufficient facts to enable him to reach a decision. The judgment of conviction is affirmed.