Frank P. De Luca, J.
A preliminary hearing upon request of defendant’s counsel to ascertain whether any and all admissions made by the defendant to a police officer should be suppressed and therefore excluded from evidence upon the trial.
FACTS
The defendant was charged with a violation of section 600 of the Vehicle and Traffic Law, namely leaving the scene of an accident. The testimony of a police officer reveals that on the 25th day of March, 1966, he was assigned to investigate an accident wherein the driver of a vehicle allegedly left the scene of the accident without reporting the same. The officer proceeded to Good Samaritan Hospital where he questioned the mother of the injured boy and thereafter questioned a neighbor. Said investigation resulted in a description of a motor vehicle, its license plate number and that the driver of the vehicle was a female. *636 Further investigation led the officer to the house of the defendant approximately two and one-half hours later, where the officer asked certain questions and received certain answers, wherein a summons was issued in lieu of an arrest. It is the defendant’s contention that at no time prior to eliciting answers was she warned of her constitutional rights or otherwise warned in accordance with rules laid down by the decision rendered by the United States ¡Supreme Court. (Miranda, v. Arizona, 384 U. S. 436.)
DECISION
Confusion has existed with respect to what is proper in the law of confession since the rendition of the decision, Miranda v. Arizona (384 U. S. 436), wherein the court imposed upon law enforcement officials a format of pre-interrogation warnings containing constitutional safeguards, and all prior to the admissibility of confessions in both Federal and State court prosecutions. The confusion, I am sure, exists only in the application of those legal principles laid down, and particularly dealing with police “ custody ”.
Briefly, the holding of Miranda v. Arizona ¡(384 U. S. 436, 444-445) is: “ Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does *637 not deprive Trim of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned.”
It would appear that the sole tests of admissibility of confessions require affirmative answers to the following questions:
1. Was the defendant in custody or in any way deprived of freedom of action?
2. If the defendant was in custody, were the following warnings given as to his rights, and prior to any interrogation?
A. He has a right to remain silent.
B. Any statement he does make, may be used as evidence against him.
0. He has the right to the presence of an attorney.
D. If he cannot afford an attorney, he may have one without cost, and prior to questioning.
3. If the defendant was in custody, and given the proper warnings under 1 and 2, was there a confession made voluntarily, knowingly, and intelligently such as to constitute a waiver?
4. Was the waiver a continuous one encompassing a complete statement, and from a defendant capable of understanding the nature of the ‘ ‘ waiver ’ ’ ?
It is important to note that where heretofore the law permitted purely investigatory questioning, and even tolerated routine questioning after a person was accused, the Miranda decision permits neither. Under Miranda a person’s “privilege” is violated if he is interrogated while in “ custody.” Neither purely investigatory nor casual and routine questioning is permitted unless there is first an effective “waiver” of the “ privilege.”
Under the Miranda decision, then, “ custodial interrogation,” without the proper safeguards and warnings to the defendant is forbidden and no matter how voluntarily a person in custody may give his confession, in the absence of a waiver, that confession is inadmissible.
When is a person in custody? A person is in custody when he is not “ free to go.” (Hon. Nathan R. Sobel.)
“ A person not in custody may be interrogated. True he may ‘ claim ’ his privilege. But, when he is not in custody, his answers are not deemed ‘ compelled. ’ These may be used against him at his trial. This is ‘ non custodial interrogation. ’ ” (Hon. Nathan R. Sobel.)
The testimony upon the hearing in the instant case does not fall within the Miranda decision or its applicable rules, since the interrogation of the police officer was not in the police station, at the scene of the crime, or any other police-dominated *638 environment “ unfamiliar ” and “ menacing ” to the defendant.
The defendant was at her home, and certainly was free to go into her home and not answer any questions at all. She was not by any means in custody before and even after she made her oral admissions, since no arrest was ever made, and she was simply issued a summons.
Since the defendant was not in custody her answers were not compelled, and her admissions may be used against her at her trial.
Trial is set down for June 5, 1967.