Harry J. Enea, J.
I find that Richard W. Nettleton was guilty of operating an unregistered vehicle on April 4, 1968, in violation of subdivision 1 of section 401 of the Vehicle and Traffic Law of the State of New York.
Evidence was received that indicated that the defendant’s employer, the owner of the vehicle, was incorporated under the laws of the State of Massachusetts and had its principal place of business in that State. The evidence further indicated that the vehicle in question was registered in Rhode Island. The People produced no evidence that the vehicle should not have been registered in Rhode Island, or that it was improperly registered in that State.
However, the People could not be expected to give such evidence for the corporate existence of the Old Colony Transporta *855 tion Company, Inc., in the State of Massachusetts and the relationship between such Massachusetts corporation and the State of Rhode Island could not be known and would not be easily available to the prosecution. Logically, it is for this defendant to show that the vehicle he is operating is properly registered in a jurisdiction other than New York. It is a matter of defense (People v. Stedeker, 175 N. Y. 57, 67; People v. Talbot, 34 Misc 2d 385, 386) for section 401 of the Vehicle and Traffic Law makes no exception to the requirement that all vehicles using the highways of the State of New York must be registered in the State of New York.
Of course, there are exceptions. Subdivision 1 of section 250 of the Vehicle and Traffic Law states, “ the provisions of this chapter relative to the registration and equipment of motor vehicles, motorcycles and trailers and the display of registration numbers shall not apply to a motor vehicle, motorcycle or trailer owned by a non-resident of this state, provided that the owner thereof shall have complied with the provisions of the law of the foreign country, state, territory or federal district of his residence relative to registration and equipment of such motor vehicle, motorcycle or trailer, as the case may be, and the display of registration numbers thereon, and shall conspicuously display his registration numbers as required thereby. The provisions of this subdivision, however, shall be operative as to a motor vehicle, motorcycle or trailer owned by a non-resident of this state only to the extent that under the laws of the foreign country, state, territory or federal district of his residence like exemptions and privileges are granted to motor vehicles, motorcycles and trailers duly registered under the laws of and owned by residents of this state.” It would therefore be necessary for this defendant to show that a resident of the State of Massachusetts, the Old Colony Transportation Company, Inc., had properly registered this vehicle in the State of Rhode Island and, further, at least the State of Rhode Island offered a like exemption to residents of the State of New York, and possibly, also that the State of Massachusetts granted to residents of New York the right to operate Rhode Island registered vehicles in the State of Massachusetts. As one can readily appreciate, the variety of circumstances that can exist are countless. Such variety is known to the defendant, and, basically, to the defendant only. The defendant offered no evidence relative to either the propriety of the registration of this vehicle in Rhode Island or whether either Rhode Island or Massachusetts offered similar immunity to a resident of New York State.
*856 The People have met their burden of proof by establishing that the defendant operated a vehicle which was not registered in the State of New York. The defendant has failed to establish, by any evidence whatsoever, that the vehicle in question was properly registered in Rhode Island and that Rhode Island and/or Massachusetts would offer like immunity to New York residents.
Upon the finding of guilt of this defendant, I fine him the sum of $50 and sentence him to confinement in the Herkimer County Jail until said fine be paid, not, however, exceeding five days. This decision shall serve as the judgment of this court.