Carrol S. Walsh, J.
This is an appeal from a judgment of conviction in the Justice’s Court of the Town of Northampton (Hon. Elwood Gutter, Justice of the Peace), wherein the defendant was found guilty, after a trial, of a violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law of the State of New York, failure to keep right. The defendant was given a sentence of conditional discharge, and the court imposed as conditions that the defendant refrain from driving for three months and surrender his license to the Justice of the Peace to be held by the latter for 90 days. The court warned defendant that if he were apprehended driving a vehicle during the three-month period that this would constitute a violation of the conditional discharge and the court could resentence the defendant.
The trial record sets forth the testimony of two State policemen who testified, in substance, that on June 21, 1968 at about 10:30 p.m. they received a call reporting an accident on Route 113 in the Town of Northampton, drove to the scene and found that a supporting pole for a power pole, on the south or southeasterly side of the road, away from the paved portion of the road, had been struck and split in half, and that wire from a fence had been pulled away from the wooden posts to which it had been affixed. There were no vehicles at the scene. County Road 113 contains two lanes, running generally in a northeasterly and southwesterly direction. Vehicle tracks leading from the road, running along a fence line on the southerly or southeasterly side of the road, across where the pole had stood, along a ditch and back on the roadway again, were observed by the troopers. The troopers attempted to locate a damaged vehicle in the area and came upon a pickup truck in back of defendant’s home with a part of a power pole lodged underneath it and some wire similar to the wire at the scene of the accident attached to it. The troopers examined the damage to the truck and subsequently learned that the truck was registered in the name of George Bailey, defendant’s father. The troopers, at about 12:30 a.m., knocked at defendant’s door, but getting no response proceeded to defendant’s brother’s home. Defendant’s brother returned with the troopers to defendant’s home, in which they all entered. The brother awakened the defendant who emerged from his bedroom and apparently in response to a question or questions by one of the troopers told the troopers that he had been traveling south *285 westerly on County Road 113 that evening, operating a pick-up truck and that he could recall running off that road at about 10:30 p.m., but that he did not remember striking a pole.
The defendant submitted an affidavit citing several alleged errors in the trial and in the proof, or lack thereof, in support of his appeal. A return was duly filed by the Justice of the Peace, and oral argument was presented by the District Attorney and by the attorney for .the defendant before this court.
Defendant contends that the People failed to sustain the burden of proof required by its failure to present proof that the defendant’s failure to keep right did not result from an overtaking or passing another vehicle proceeding in the same direction, or from an overtaking or passing of pedestrians, animals or obstructions on the right half of the highway, or from an obstruction of the right half of the highway due to construction or repair.
Defendant further contends (a) that it was error for the court to admit the admissions of defendant which were made by him after the investigation had reached the accusatory stage, (b) that the imposition by the court of a conditional discharge is illegal and that section 65.10 of the Penal Law is unconstitutional as violative of the Fourteenth Amendment, Due Process and Equal Protection Clauses of the United States Constitution and that this section is void for vagueness, and (c) that there is no statutory authorization authorizing a Justice of the Peace to hold an individual’s driver’s license upon a conviction for failure to keep right.
Defendant’s contention that it was error for the Justice of the Peace to suspend defendant’s driver’s license for a period of 90 days is correct. Section 510 of the Vehicle and Traffic Law provides that any Justice of the Peace holding a Court of Special Sessions shall have the power to revoke or suspend the license to drive a motor vehicle of any person where such revocation or suspension is mandatory. Revocation or suspension of a license to drive a motor vehicle is not mandatory upon a conviction of a violation of section 1120 of the Vehicle and Traffic Law, failure to keep right. Therefore, the Justice of the Peace in this instance is without jurisdiction to suspend the operator’s license of the defendant herein and to that extent the sentence imposed against the defendant herein is illegal. (People v. Crawford, 34 Misc 2d 118.)
Defendant’s contention that the imposition by the Justice of the Peace of a sentence of conditional discharge is illegal is without merit. Section 60.20 of the Penal Law specifically *286 authorizes the court, when a person is convicted of a traffic infraction, to impose a sentence of conditional discharge. The sole change made by the Penal Law in sentencing upon conviction for traffic infractions is substitution of conditional and unconditional discharge for the suspended sentence. Imprisonment and fine will be governed by the provision defining the infraction, as found in the Vehicle and Traffic Law. No fine or imprisonment having been imposed by the Justice of the Peace in this instance, he is authorized to impose a sentence of conditional discharge.
Defendant argues that in the event this court holds that the Justice of the Peace is authorized by statute to impose a sentence of conditional discharge, as this court does hold, that section 65.10 of the Penal Law violates the Fourteenth Amendment, Due Process and Equal Protection Clauses of the United States Constitution, that it is void for vagueness, that it violates section 1 of article III of the New York State Constitution, that the wording of the statute allows the sentencing Judge to impose conditions upon the defendant on the basis of the Justice’s personal feelings toward the defendant without regard to the merits of the case, and that it allows the sentencing Judge to possess legislative powers which is a nonconstitutional delegation of legislative power, and that the defendant is being unjustly deprived of his freedom for a period of one year, which is the period prescribed for the conditional discharge.
This court finds the arguments of the defendant as to section 65.10 of the Penal Law to he without merit. A sentence of conditional discharge permits a defendant to be released after conviction without imprisonment, fine or probation supervision, and by no stretch of the imagination can this be interpreted as restricting the liberty of the defendant in any way whatsoever. The conditions of conditional discharge which may be imposed by the court are stated in section 65.10 of the Penal Law to be those conditions which the court in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so. In imposing a sentence of conditional discharge, the criteria in subdivision 1 of section 65.05 of the Penal Law sets forth that the court shall have regard to the nature and circumstances of the offense and to the history, character and condition of the defendant. A guide to the type of conditions that can be imposed upon persons under sentences of conditional discharge is found in subdivision 2 of section 65.10 of the Penal Law. The obvious purpose of these sections is to give the court more discretion to permit unsuper *287 vised liberty of a defendant, after conviction, in cases where neither the public interest nor the ends of justice would be served by a sentence of imprisonment or fine or probation supervision. Furthermore, it is obvious that the primary concern in such cases is the rehabilitation of the defendant and the key word is “reasonably ”. The Practice Commentary following section 65.10 of the Penal Law (Book 39, p. 110) in McKinney’s Consolidated Laws of New York states that the court may impose any condition reasonably related to rehabilitation, and certainly there is no authority granting any Judge the right to inflict his will or personal vengeance against a defendant in the form of unreasonable conditions in accordance with the Judge’s own standards of conduct as opposed to the normal standards of conduct expected of law-abiding citizens. A defendant is not deprived of his right to appeal to higher authority to review conditions imposed by a court under a sentence of conditional discharge whenever a defendant is of the opinion that such conditions are unreasonable.
This court holds that section 65.10 of the Penal Law is neither vague nor unconstitutional in any respect.
Defendant contends that the court was in error in admitting testimony of alleged admissions made by the defendant which admissions were made after the investigation had reached the accusatory stage, and that the usual warnings should have been given to the defendant by the State policemen prior to their questioning him. Defendant further argues that there is a question as to the voluntariness of the admissions which should have been determined.
The facts in the case of People v. Phinney (22 N Y 2d 288) are somewhat similar to the facts in the case before us. In the Phinney case a trooper questioned a defendant, in the presence of his father, in the emergency room of a hospital. On the basis of defendant’s admission, the trooper gave him a traffic summons. The defendant Phinney was convicted of speeding on the basis of his admission, but on appeal the County Court reversed the conviction on the further ground that because the trooper failed to warn the defendant of his rights before questioning him in the hospital, as the County Court thought necessary under Miranda v. Arizona (384 U. S. 436) his statement that he was operating the automobile should have been excluded. The Court of Appeals held that whether or not a warning under Miranda is necessary in the case of one involved with a traffic infraction violation is a question which it need not decide in the Phinney case, since under no view of the facts *288 may it be said that this defendant was in the custody of the authorities at the time he made his statement. The court further held (p. 291) ££ a person, not actually placed under arrest, is not deemed in custody when questioned by the police unless £ the questioning takes place under circumstances which are likely to affect substantially the individual’s “ will to resist and compel him to speak where he would not otherwise do so freely.” ’” In the case before this court, the troopers asked the defendant some questions, in defendant’s home and in the presence of defendant’s brother, and it was defendant who actually volunteered to give details as to his actions the previous evening. I find that this is not the sort of ‘ ‘ incommunicado police-dominated atmosphere ” or custodial interrogation to which the Miranda rule has reference. Inasmuch as the Court of Appeals in the Phinney case did not pass on the question as to whether or not Miranda applies to traffic infractions, this court will not presume to pass on that question. However, as did the Court of Appeals conclude in the Phinney case, this court determines that there was no constitutional prohibition against the use of defendant Bailey’s admissions at his trial before the Justice of the Peace. (See, also, People v. Bliss, 53 Misc 2d 472 and People v. Schwartz, 53 Misc 2d 635.)
Finally, this court finds that defendant’s contention that the People failed to fulfill its burden of proof in that it failed to prove that the defendant’s failure to keep right did not result from an overtaking or passing of another vehicle proceeding in the same direction or from an overtaking or passing of pedestrians, animals or obstructions on the right half of the highway, or from an obstruction of the right half of the highway, has merit. Subdivision (a) of section 1120 of the Vehicle and Traffic Law provides as follows: ‘£ Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: 1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; 2. When overtaking or passing pedestrians, animals or obstructions on the right half of the roadway; 3. When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard ”.
The question raised is whether, in a prosecution under a statute, it is part of the People’s case to prove that the defendant is not within the exception or exceptions in the statute or *289 whether it is part of the defendant’s proof to show that he is. The following exceptions are well established as the law of this State:
(a) When a statute contains in and as a part of its enacting clause an exception or exceptions to the effect that in certain cases or under certain circumstances, the offense prohibited by the statute is not to be considered as having been committed, that constitutes a true exception which it is necessary for the People in an action, based upon the statute, to negative by pleading and by proof.
(b) Where, however, there is no such exception in the enacting clause of the statute, or referred to therein, but later in the statute or in a subsequent statute an exception or exceptions are enacted, there is then presented the case of a proviso rather than exception, and the People bringing action upon the statute need neither plead the negative of the exception nor adduce proof of such negative in order to make out a prima facie case. (People v. Smith, 192 Misc. 965; People v. Stedeker, 175 N. Y. 57; People [Lewis] v. Kollender, 169 Misc. 995; People v. Talbot, 34 Misc 2d 385; People v. Grammer, 25 Misc 2d 223; People v. Hosier, 19 Misc 2d 1065.)
The exceptions set forth in subdivision (a) of section 1120 of the Vehicle and Traffic Law are clearly part of the enacting clause of the statute. Therefore, the burden in this case was upon the People to not only allege in the information but to prove on the trial that the defendant did not come within the scope of the exceptions. While the information filed in this case did charge the defendant with crossing into the left lane of traffic and onto the opposite shoulder of the highway “ none of the exceptions in the aforesaid statute being applicable ”, there is absolutely no testimony or evidence of any kind presented at the trial of the defendant which negates that defendant falls within any of the exceptions. There is no doubt under the law of this State that the negativing of the exceptions should have been an integral part of the information and the proof on the trial herein, and the burden also on the People to do so in order to sustain a conviction. The People having failed to do this, the conviction of the defendant is reversed, the information dismissed, the defendant’s license shall be corrected to delete this conviction and the sentence of conditional discharge imposed against the defendant be set aside.