OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Respondent, a juvenile, was charged with acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree, attempted grand larceny in the fourth degree, criminal mischief in the fourth degree, unauthorized use of a vehicle in the third degree, and possession of burglar’s tools. At the fact-finding hearing held October 14, 1987, after the presentment agency rested its case, respondent moved to dismiss the petition for failure to establish prima facie a requisite element of the offense charged, i.e., that the car in which respondent was found was stolen. Family Court reserved decision and recessed for a few minutes. Upon reconvening, the court orally granted respondent’s motion to dismiss on four counts, and reserved decision on the fifth, possession of burglar’s tools. In doing so, it stated that but for the presentment agency’s failure to prove the car was stolen it would have denied the motion in its entirety because all other elements of a prima facie case had been established. The court then recessed for lunch. After lunch the court denied respondent’s motion to dismiss the fifth count. It also entertained the presentment agency’s further argument that it reconsider its ruling with respect to the other four counts. Upon reconsideration, the court vacated its earlier ruling and reserved decision as to all counts in order to afford the parties an opportunity to submit written briefs on the issue.
On November 6, the court granted respondent’s motion to dismiss as to the first (criminal possession of stolen property) and second (attempted grand larceny) counts, but let stand the *749 lesser included charge of attempted larceny as to the second count. The court invited respondent to proceed with his case but when he rested without calling witnesses, it found him guilty of the charges of criminal mischief, unauthorized use of a vehicle and possession of burglar’s tools.
The Appellate Division held respondent had not been placed twice in jeopardy by Family Court’s reconsideration and vacatur of its original decision to dismiss certain counts. It modified the fact-finding order, however, by deleting the finding that respondent committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree. While we agree with the Appellate Division that Family Court’s actions did not expose respondent to double jeopardy, we do so for different reasons.
There is no constitutional impediment to a court’s power to modify its decisions, provided such a modification does not subject an individual to double jeopardy (United States v LoRusso, 695 F2d 45, 54 [2d Cir], cert denied sub nom. Errante v United States, 460 US 1070). In this case the court’s actions did not result in a violation of respondent’s constitutional rights. At the time the court vacated its earlier ruling, the proceeding was still pending before it. The court had not decided respondent’s motion in its entirety. It entertained reargument while part of the motion to dismiss remained under advisement and before the evidence was closed. Under the circumstances, the court’s original decision was not an acquittal for purposes of double jeopardy and its immediate vacatur of its earlier ruling did not subject respondent to a second trial (United States v LoRusso, supra, at 53-54; Rowe v Grizzard, 591 F Supp 389).
In reaching our conclusion, we do not suggest that the entry of a formal order was necessary to terminate the prosecution but merely emphasize the inchoate nature of the court’s decision, made in the context of a continuing proceeding, and without the presentment agency offering additional evidence after the court vacated its dismissal (see, People v Tardbania, 130 AD2d 954, affd on other grounds 72 NY2d 852). Manifestly, the action of the trial court did not implicate those principles underlying the Double Jeopardy Clause which protect an individual from being subjected to "embarrassment, expense and ordeal and compelled] * * * to live in a continuing state of anxiety and insecurity” (Green v United States, 355 US 184, 187).
*750 Respondent relies upon Smalis v Pennsylvania (476 US 140) but that matter involved a prosecutor’s appeal from an order of dismissal in a trial long since concluded. The order had been entered and was clearly final. The Supreme Court held that reversal and retrial were foreclosed by double jeopardy. In this case, in which the court’s original ruling was followed promptly by its vacatur and the continuation of proceedings, we conclude that respondent’s right to be free from double jeopardy was not violated.