■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EARL E. TAYLOR, Respondent. [683 NYS2d 591] —Peters, J. Appeal from an order of the County Court of Essex County (Halloran, J.), entered August 4, 1997, which, *inter alia*, partially granted defendant's motion to dismiss the indictment.

Indicted by the Grand Jury for criminal contempt in the first degree, aggravated harassment in the second degree (two counts) and criminal contempt in the second degree, defendant moved on June 9, 1997 to, *inter alia*, dismiss the indictment on the ground that it was legally insufficient (*see*, CPL 200.50).

By decision and order dated August 4, 1997, County Court concluded that all but the first count of the indictment, charging defendant with "Criminal Contempt in the First Degree * * * in violation of Section 215.51, Subdivision (b) (iv), of the Penal Law", were legally sufficient. According to the indictment: "on or about the 18th day of September, 1996, in the Town of Crown Point, Essex County, New York, the defendant * * * in violation of a duly served order of protection or such order of which he had actual knowledge because he was present in court when such order was issued, did, with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, repeatedly make telephone calls to such person, to wit: at the aforementioned time and place, the defendant did make a number of telephone calls between 2:30 a.m. and 3:30 a.m. to the home of Candace S. Vallee, thereby violating the temporary order of protection". In its dismissal, County Court found that the failure to allege that the telephone calls were made "with no purpose of legitimate communication" (Penal Law § 215.51 [b] [iv]) was fatal. Upon this appeal, we reverse.

Penal Law § 215.51 provides that a person is guilty of criminal contempt in the first degree when: "(b) in violation of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued * * * he or she * * *

"(iv) with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, repeatedly makes telephone calls to such person, whether or not a conversation ensues, with no purpose of legitimate communication".

The indictment at issue specifically cited the statute allegedly violated. Because "[t]he incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon, if any, for conviction under that statute" (*People v Cohen*, 52 NY2d 584, 586), we find no error.

Further heeding the guidance of the Court of Appeals, "[i]f the defining statute contains an exception, the indictment must allege that the crime is not within the exception" (*People v Kohut*, 30 NY2d 183, 187; *see*, *People v First Meridian Planning Corp.*, 201 AD2d 145, 154, *affd* 86 NY2d 608; *People v Best*, 132 AD2d 773, 774). Despite defendant's protestations to the contrary, the element here excluded was not an exception within the crime alleged but rather a proviso which permits avoidance of criminal liability by way of defeasance or excuse. While these "two classes of provisions—exceptions and provisos—frequently come closely together, and the rule of differentiation ought to be so applied as to comply with the requirements of common sense and reasonable pleading" (*People v Devinny*, 227 NY 397, 401), our analysis benefits from the legislative underpinnings of the statute at issue which are to insure that an individual is provided with an opportunity to prove that the telephone calls, repeatedly made, were for the purpose of "legitimate communication". Hence, when a determination as to whether the communication by and between the parties so qualifies as one made with a "legitimate purpose"— information solely within the knowledge of the defendant—it must be deemed a proviso which can be stated as a matter of defense (*see*, *id.*). For these reasons, we do not find a jurisdictional defect in count one of the indictment.

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as dismissed count one of the indictment; count one is reinstated; and, as so modified, affirmed.