■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP D'ANGELO, Appellant. [728 NYS2d 132] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered September 11, 2000, convicting defendant, after a jury trial, of criminal contempt in the first degree and four counts of criminal contempt in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years and to four terms of 1 year, all to run concurrently, unanimously affirmed.

The verdict was based upon legally sufficient evidence and was not against the weight of the evidence. The People clearly established that defendant had knowledge of the order of protection at issue and its contents (*see, People v Clark*, 95 NY2d 773). Defendant's presence in court, his initials acknowledging receipt of the order, and the Court Clerk's testimony, when taken together, warranted the conclusion that defendant personally received the order.

The indictment was jurisdictionally valid since it contained allegations of fact supporting every element of the offense. Penal Law § 215.50 (3) prohibits "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law." The reference to labor disputes does not constitute an exception to the statute which must be pleaded in the indictment and proved by the People, but rather constitutes a proviso, a matter for a defendant to raise as a defense (*see, People v Devinny*, 227 NY 397, 401; *contra, People v Kirkham*, 273 AD2d 509 [3d Dept]). Unlike a true exception (*see, e.g., People v Rodriguez*, 68 NY2d 674 [home or place of business exception in weapons possession]), the reference to labor disputes incorporates a lengthy definition of such disputes that is found outside the statute (*see, People v Kohut*, 30 NY2d 183, 187). Thus, "the requirements of common sense and reasonable pleading" (*People v Devinny*, 227 NY 397, 401, *supra*) warrant the treatment as a proviso of the reference to labor disputes (*see also*, McKinney's Cons Laws of NY, Book 1,

Statutes § 211; *People v Taylor*, 256 AD2d 647; *People v Raffa*, 90 Misc 2d 97, 100-101).

The court properly determined that defendant was a second felony offender. The court's inquiry into defendant's challenge to the constitutionality of his prior felony conviction was sufficient to establish the lack of merit of defendant's claim (*see, People v Harris*, 61 NY2d 9), and defendant's conclusory complaints about the effectiveness of his counsel at the time of the prior plea did not warrant a hearing (*cf., People v Ford*, 86 NY2d 397, 404). Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.