OPINION OF THE COURT
David A. Gross, J.
Today this court, relying on the advice given by the Court of Appeals almost a century ago in People v Devinny (227 NY 397 [1919]), holds as follows:
*391 The defendant was originally charged with violating an order of protection issued by this court, a violation of Penal Law § 215.51 (b) (iv), criminal contempt, a class E felony. Thereafter the felony charge was reduced by the court to the nonfelony violation of Penal Law § 215.50 (3), criminal contempt, a class A misdemeanor. In a nutshell, the defendant now moves to dismiss the accusatory instrument because (a) it does not, on its face, state that the case “did not involve or grow out of a labor dispute,” and (b) it does not, on its face, state that the defendant was specifically informed in open court of the contents of the order of protection and the conduct it prohibits.
With respect to defendant’s first argument, Penal Law § 215.50 (3) states, in pertinent part, that a person is guilty of criminal contempt when he engages in: “3. Intentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law * * * .” (Emphasis added.)
It has come to this court’s attention that there is a split between the First and Third Departments with regard to whether the reference to labor disputes must be noted on the face of an accusatory instrument. (See People v D’Angelo, 284 AD2d 146 [1st Dept 2001]; People v Kirkham, 273 AD2d 509 [3d Dept 2000].)
In determining which view to follow the court notes that, in the plethora of cases that have addressed this issue, the courts have universally focused their attentions on whether the labor law language constitutes an exception or a proviso to the otherwise proscribed activities. All of the published decisions agree that if the language falls into the former category then it must be stated on the face of the accusatory instrument and if it falls into the latter it need not be expressed on the face of the instrument. For example, in People v Bailey (60 Misc 2d 283, 289 [Fulton County Ct 1969]), the court held, in relevant part, that:
“When a statute contains in and as a part of its enacting clause an exception or exceptions to the effect that in certain cases or under certain circumstances, the offense prohibited by the statute is not to be considered as having been committed, that constitutes a true exception which it is necessary for the People in an action, based upon the statute, to negative by pleading and by proof. * * *
“Where, however, there is no such exception in the *392 enacting clause of the statute, or referred to therein, but later in the statute or in a subsequent statute an exception or exceptions are enacted, there is then presented the case of a proviso rather than exception, and the People bringing action upon the statute need neither plead the negative in order to make out a prima face case.”
Therefore, it is fair to say that disparity in the case law revolves, not as to how to treat exceptions and provisos, but rather, whether the labor law language found in Penal Law § 215.50 (3) is itself an exception or a proviso.
In Kirkham, the defendant was charged with, among other things, criminal contempt stemming from an incident wherein he allegedly violated an order of protection. The indictment did not expressly state that the case did not stem from a labor law dispute. The Appellate Division, Third Department, in its one page decision, summarily concluded that language concerning labor disputes in the statute defining criminal contempt in the second degree “must be characterized as an exception rather than a proviso because it excludes certain matters from its scope absolutely.” (People v Kirkham, 273 AD2d 509 [3d Dept 2000].)
Exactly seven months later the very same issue was addressed in People v Romano (188 Misc 2d 368) by the Criminal Court of the City of New York, Queens County. In that case Judge Deborah Stevens Módica, while acknowledging that “given the absence of any other appellate decision, especially one from the Second Department, Appellate Term or Appellate Division, this Court is bound by the decision in Kirkham,” stated emphatically that she did not agree with the result reached in Kirkham (Romano, supra at 369). Judge Módica then set out in detail the legislative history of the crime of criminal contempt revealing that the addition of the labor law language was added in 1935 to give immunity to persons accused of violating court orders in labor-related settings. Judge Módica then reasoned that “it makes more sense to conclude that the Legislature intended the labor language to operate as a jurisdictional impediment to conviction * * * rather than an element of the crime” (Romano, supra at 372), and should thus be treated as a proviso.
Following on the heels of Romano, and decided exactly one year less one day after the decision in Kirkham, the Appellate Division, First Department, in D’Angelo held, in its one page decision, that the reference to labor disputes found in Penal *393 Law § 215.50 (3) does not constitute an exception to the statute which must be pleaded in the indictment and proved by the People, but, rather, constitutes a proviso, a matter for the defendant to raise as a defense. The court, citing Devinny (supra), went on to state, without reference to Romano, that “the requirements of common sense and reasonable pleading * * * warrant the treatment as a proviso of the reference to labor disputes.” (People v D'Angelo, 284 AD2d 146, 146 [1st Dept 2001], supra; internal quotation marks omitted.)
Most recently, this very court, in People v Luna (NYLJ, Oct. 26, 2001, at 22, col 2), reviewed very similar labor law language contained in Penal Law § 240.25, harassment in the first degree. In that decision Nassau County District Court Judge Michael Fiechter reviewed and analyzed the legislative history of that statute. In his well reasoned opinion Judge Fiechter noted that:
“[I]t is important that a court consider the practical applications of its rules. As indicated in Romano, the criminal courts are awash with domestic violence cases which serve as the context in which the criminal contempt and harassment charges are brought. It makes no sense to have the victims of these domestic incidents recite in pleadings and in testimony the incantation that the assault, harassment, stalking and threats by which they are victimized, did not arise from ‘activities regulated by the National Labor Relations Act, as amended, the Railway Labor Act, as amended, or the Federal Employment Labor Management Act, as amended.’ ” (Id. at 22, col 4.)
Judge Fiechter then concluded that the reference to labor law should be considered a proviso and therefore need not be expressed on the face of an accusatory instrument.
Turning back to the labor law language found in Penal Law § 215.50 (3), this court looks to the sage advice offered by the Court of Appeals in Devinny (supra):
“[attempts to * * * distinguish between exceptions and provisos have resulted in many technicalities and in much subtlety. The two classes of provisions — exceptions and provisos — frequently come close together, and the rule of differentiation ought to be so applied as to comply with the requirements of common sense and reasonable pleading.” (Id. at 401.)
*394 In so doing, this court is compelled to follow the logic stated in Romano and followed in Luna and adopts the position that the labor law language found in Penal Law § 215.50 (3) need not be expressed on the face of an accusatory instrument in order that the instrument be found sufficient.
As for the defendant’s second proposed grounds for dismissal, that the accusatory instrument did not expressly state that the defendant was specifically informed in open court of the contents of the court order and the conduct it prohibits, this court finds defendant’s argument unpersuasive.
The court file indicates that the defendant was served with the accusatory instrument which, on its face, indicates in the “to wit” paragraph that the defendant violated a First District Court order of protection No. 8362/00. Attached to the accusatory instrument is a supporting deposition of the complaining witness which confirms that she possessed exactly that referenced order of protection at the time of the alleged violation. Finally, and most importantly, attached to these first two documents is a copy of the order of protection at issue complete with the signature of the defendant at the bottom of the page next to the acknowledgment “Defendant advised in Court of issuance of Order. Received by Defendant.”
In People v D’Angelo (284 AD2d 146, supra), the Court held, in relevant part, that:
“The People clearly established that defendant had knowledge of the order of protection at issue and its contents * * * [which thus supported his conviction for contempt; djefendant’s presence in court, his initials acknowledging receipt of order, and the Court Clerk’s testimony, when taken together, warranted conclusion that defendant personally received the order.”
It would seem axiomatic that if a conviction is allowed to stand on the above-noted circumstantial evidence an accusatory instrument, a misdemeanor complaint at that, may be said to imply such knowledge and must also be allowed to stand. To require every such instrument to recite the phrase “and the defendant was told of the content of the Order of Protection” or some such equivalent language would be to require form over substance in the drafting of the multitude of these documents that pass into this court every day.
For the foregoing reasons, the defendant’s motion is denied in its entirety.