OPINION OF THE COURT
Wayne Saitta, J.
The defendant, Charles Lobianco, is charged with violating Penal Law § 220.45, criminally possessing a hypodermic instrument.
By notice of motion dated July 19, 2003, the defendant moves the court for an order granting the following relief:
(1) dismissing the complaint pursuant to CPL 170.35 (1) (c) on the ground that Penal Law § 220.45, as defined by Public Health Law § 3381 is unconstitutionally vague in its application within the meaning of New York Constitution, article I, § 8, and United States Constitution Amendments I, V, and XIV;
(2) dismissing the complaint pursuant to Criminal Procedure Law § 170.30 (1) (f) on the ground that there exists a legal impediment to conviction of the defendant for the offense charged;
(3) dismissing the complaint as facially insufficient pursuant to CPL 170.30 (1) (a) upon the ground that it is defective within the meaning of CPL 170.35, 100.40, and 100.15;
(4) reserving defendant’s right to make further motions pursuant to CPL 255.20 (3); and
(5) for such other and further relief as the court deems just and proper.
The People filed and served an affirmation in opposition to defendant’s motion to dismiss on July 3, 2003. Subsequently, defense counsel filed and served a reply memorandum to the People’s opposition on July 17, 2003.
Upon reading the defendant’s notice of motion, the People’s affirmation in opposition, defense’s reply memorandum, all court documents, annexed exhibits and appendices and upon all the proceedings heretofore had herein and after due deliberation, the defendant’s motion is denied.
*421 Facts
Charles Lobianco was arrested on January 9, 2003* for allegedly violating Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree. On that date, the defendant was issued an appearance ticket and released from the 66th Police Precinct.
On March 6, 2003, the defendant was arraigned in Criminal Court, Part DAT, on a misdemeanor complaint alleging that at 1616 Coney Island Avenue, County of Kings, informant “Detective James Finnigan, shield no. 05789, of BSND Command . . . observed the defendant holding in his hand two hypodermic needles containing heroin residue in that informant recovered said needles from defendant’s hand.”
The defendant was released on his own recognizance and the case was adjourned to March 24, 2003 to Part AP-4 for conversion.
On May 5, 2003, the People amended the complaint, substituting Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree, with Penal Law § 220.45, criminally possessing a hypodermic instrument. Thus, the laboratory results were no longer needed for conversion. At this juncture, the court deemed the misdemeanor complaint converted into an information. The matter was adjourned to June 5, 2003 for discovery by stipulation (hereinafter DBS).
On June 5, 2003, the People served and filed DBS. The People were served with defendant’s motion to dismiss herein on June 19, 2003. The matter was adjourned pending decision.
Arguments
Defendant moves to dismiss the accusatory instrument had herein on several grounds. First, defense counsel argues that Penal Law § 220.45 and Public Health Law § 3381 are unconstitutionally vague in their application within the meaning of the New York Constitution and the United States Constitution. Second, defense counsel submits that there is a legal impediment to conviction and cites Public Health Law § 3381. Next, defense counsel states that the complaint is facially insufficient pursuant to CPL 170.35 (1) (c), 100.40, and 100.15. Finally, de *422 fendant seeks to reserve his right to make further motions pursuant to CPL 255.20 (3) and for such other and further relief as this court deems just and proper.
The People submit that they have sufficiently pleaded the charges and that there is no legal impediment to prosecution. Specifically, the People argue that possession of a hypodermic needle is presumed illegal. The People also cite Public Health Law § 3396 for the proposition that the defendant is required to prove, by a preponderance of the evidence, that he is protected by Public Health Law § 3381.
Analysis
In the case herein, the defendant is charged with a misdemeanor complaint accusing him of violating Penal Law § 220.45, criminally possessing a hypodermic instrument. The factual portion of the accusatory instrument is based on observations by informant, Detective James Finnigan, shield No. 05789 of BSND Command, of “the defendant holding in his hand two hypodermic needles containing heroin residue in that informant recovered said needles from defendant’s hand.”
Penal Law § 220.45 provides that “[a] person is guilty of criminally possessing a hypodermic instrument when he knowingly and unlawfully possesses or sells a hypodermic syringe or a needle.”
The term “unlawful” as used in article 220 of the Penal Law means in violation of article 33 of the Public Health Law. (See, Penal Law § 220.00 [2].) Public Health Law § 3381 (2) states: “[i]t shall be unlawful for any person to possess a hypodermic syringe or needle unless such possession” is: (1) authorized by the commissioner; (2) pursuant to a written prescription; or (3) made pursuant to the requirements contained in section 3381 (6). (Emphasis added.)
Public Health Law § 3381 (6) (c) and (d) promulgate many requirements that must be fulfilled by a pharmacy in order to sell or furnish a hypodermic instrument to a person, inter alia, the pharmacy must be licensed, safety inserts for the instruments must be included in the sale, the location of needles within the pharmacy, and advertisement regulations. Additionally, section 3381 (6) (a) states that a person 18 years or older may obtain and possess a hypodermic instrument pursuant to sale and furnishing requirements delineated in section 3381 (1) (c).
Together, Public Health Law § 3381 (1) (c), (2) and (6) state that sales, furnishing and possession of hypodermic instru *423 ments by licensed pharmacies are lawful provided that (1) the person is 18 years or older; (2) possession is limited to a quantity of 10 or less; and (3) possession is made in accordance to requirements delineated in section 3381 (6) as to the pharmacy’s licensing, safety inserts, location within store and advertisement.
In the motion, defense counsel states upon information and belief that the defendant is 45 years old and possessed only two hypodermic instruments, i.e., less than 10 hypodermic instruments, purchased from a licensed pharmacy which complied with all the requirements delineated in section 3381 (6). In the reply memorandum to the People’s opposition of defendant’s motion to dismiss, defense counsel stated that the defendant legally purchased the hypodermic instruments at Duane Reade, located at 1401-07 Kangs Highway, East 14th Street, County of Kings, State of New York.
Defendant makes several arguments for dismissal relying on the aforementioned factual assertions. Here, there is no allegation that the defendant possessed the hypodermic needles pursuant to an authorization by the commissioner, nor that his possession resulted from a written prescription. Therefore, the court must determine whether possession was lawful pursuant to Public Health Law § 3381 (6).
1. Penal Law § 220.45, as Defined in Public Health Law § 3381, is Not Unconstitutionally Vague
Defendant argues that Penal Law § 220.45 is unconstitutionally vague as applied herein because it relies on Public Health Law § 3381 to define “unlawful.” Defense counsel also argues that the statute fails to provide the kind of notice that will enable a person of ordinary intelligence a reasonable opportunity to understand when possession of a needle is lawful.
The People submit that defense counsel’s claim that Penal Law § 220.45 is unconstitutionally vague is without merit.
The root of the vagueness doctrine is fairness. (See, Colten v Kentucky, 407 US 104, 110 [1972].) “A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.” (Grayned v City of Rockford, 408 US 104, 108-109 [1972].) However, requiring that laws be written with a sufficient degree of specificity does not mean that we should expect mathematical certainty. (Grayned, supra at 110.)
Analyzing Penal Law § 220.45, as defined within Public Health Law § 3381, in light of the vagueness doctrine, the court *424 finds that the statute is not unconstitutionally vague. The statute does not delegate matters to policemen, judges or juries which could be interpreted differently. As such, the statute, as written, is void of the dangers of arbitrary and/or discriminatory application to persons. Additionally, the fact that Penal Law § 220.45 cross-references article 33 of the Public Health Law does not render the statute unconstitutionally vague. When read together, it is clear what type of behavior is considered unlawful and under what basis other behavior is lawful. Indeed, there are many statutes in the Penal Law that reference the Public Health Law, none of which have been held to be unconstitutionally vague on those grounds.
However, when a person of ordinary intelligence enters a pharmacy such as Duane Reade to purchase a hypodermic instrument, it is impossible to tell whether such purchase would be legal or illegal under Public Health Law § 3381 (6) without doing research on the law and the pharmacy because the pharmacy has all the trappings of being legal. Therefore, to pass constitutional muster, the statute must be interpreted to exempt a defendant who purchases hypodermic instruments from a pharmacy, without regard to whether the pharmacy was in compliance with the requirements of Public Health Law § 3381 (6).
Requiring the defendant to assert whether the pharmacy is in compliance with all the requirements delineated in Public Health Law § 3381 (6) would place an unreasonable burden on the defendant and render the statute unconstitutionally vague. A statute, where possible, must be read in a manner that would be constitutional. In this case, that requires that the statute be read to exempt from prosecution a person over 18 years old, that possesses less than 10 hypodermic needles purchased at a pharmacy without requiring the defendant to have ascertained that the pharmacy complied with Public Health Law § 3381 (6).
On this basis, the court denies defendant’s motion for dismissal on the basis that Penal Law § 220.45 is unconstitutionally vague.
2. Defendant Has Not Demonstrated a Legal Impediment to Prosecution
Defense counsel first argues that the defendant is entitled to dismissal because there is a legal impediment to prosecution. Specifically, defense counsel states that Public Health Law § 3381 substantially broadens the class of persons who may lawfully possess hypodermic instruments and, conversely, narrows *425 the class of persons subject to prosecution. It is defense counsel’s contention that the defendant is within the class protected under article 33 of the Public Health Law.
As discussed above, Public Health Law § 3381 (6) promulgates many rules under which a pharmacy may lawfully provide a hypodermic instrument to a person, including the pharmacy’s licensing, safety, location, and advertisement requirements. Defense counsel argues that the additional requirements found in Public Health Law § 3381 (6) are imposed on the pharmacies who elect to sell hypodermic instruments. Therefore, it should not be the consumer’s, or, in this instance, the defendant’s responsibility to ascertain a pharmacy’s compliance with the statute before he purchases hypodermic needles.
In the reply memorandum, defense counsel states that the defendant legally purchased the hypodermic instruments at Duane Reade, located at 1401-07 Kings Highway, East 14th Street, County of Kings, State of New York. However, a mere affirmation by defense counsel that the defendant purchased the hypodermic needles from a Duane Reade is insufficient to establish that defendant purchased the needles at a pharmacy.
In People v Opris (161 Misc 2d 415 [1994]), a defendant was charged with violating Penal Law § 220.45. Defendant filed a motion to dismiss contending that there was a legal impediment to prosecution because he fell under one of the exemptions under article 33 of the Public Health Law. The court denied defendant’s motion finding that the “issue . . . must be resolved at trial after a thorough and careful examination of all of the relevant evidence.” (Id. at 418.)
As discussed above, the statute must be read to exempt persons over 18 years old who purchase less than 10 needles at a pharmacy without proof that the pharmacy complied with Public Health Law § 3381 (6) requirements. It must be determined at trial whether the defendant purchased the needles at a pharmacy. Therefore, the court denies defendant’s motion to dismiss the action on the ground that there is a legal impediment to prosecution.
3. The Accusatory Instrument is Not Facially Insufficient
Additionally, the defendant submits that the complaint must be dismissed because it is not a facially sufficient information; and, therefore, the complaint contains a nonwaivable jurisdictional defect requiring dismissal.
Generally, a misdemeanor complaint is sufficient to commence a criminal prosecution. However, the defendant has a statutory *426 right to be prosecuted by a facially sufficient misdemeanor information, absent a waiver by the defendant. (People v Viken, 161 Misc 2d 217, 218 [1994].) In this instance, there is no indication that the defendant waived his right to be prosecuted by a facially sufficient information.
In order for an accusatory instrument to be facially sufficient it must allege (1) facts of an evidentiary nature that support or tend to support the charges, and (2) provide reasonable cause to believe that the defendant committed the offense charges. (CPL 100.40 [4]; People v Dumas, 68 NY2d 729 [1986].)
Reasonable cause exists where evidence or information which appears reliable discloses facts or circumstances collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that the person charged committed the alleged offense. (CPL 70.10 [2].)
The allegation found in the factual portion of the accusatory instrument is that Detective Finnigan observed “the defendant holding in his hand two hypodermic needles containing heroin residue in that the informant recovered said needles from defendant’s hand.” Detective Finnigan’s allegation that he observed the defendant holding two hypodermic needles is sufficient to establish that the defendant knowingly possessed a hypodermic instrument.
In his motion, defense counsel argues that the complaint, taken together with the supporting deposition, fails to make out a prima facie case, in that the complaint does not establish that the defendant possessed the hypodermic instruments unlawfully.
The court finds that defense counsel is correct in their assertion that mere possession of a hypodermic instrument is not sufficient to be criminally liable under Penal Law § 220.45. However, for pleading purposes, the People need not negate in the accusatory instrument that the defendant purchased the hypodermic needles at a pharmacy.
In determining whether certain facts should be pleaded in the accusatory instrument, the courts have focused on whether the language in question is an exception or a proviso. (See, People v Kirkham, 273 AD2d 509 [2000]; People v D’Angelo, 284 AD2d 146 [2001]; People v Feiler, 191 Misc 2d 390 [2002], citing People v Bailey, 60 Misc 2d 283 [1969]; People v Romano, 188 Misc 2d 368 [2001].)
*427 An exception has been defined as language which absolutely excludes certain matters from its scope. (People v First Meridian Planning Corp., 201 AD2d 145, 154 [3d Dept 1994].) A proviso is a condition or stipulation that qualifies or restrains the general scope of a statute, or prevents misinterpretation. (People v Durkee, 189 App Div 276, 278 [3d Dept 1919].)
It is established that exceptions are elements of crimes which must be pleaded on the face of accusatory instruments in order for them to be facially sufficient; whereas provisos need not be expressed on the face of the instrument. (People v Feiler, 191 Misc 2d 390 [2002], citing People v Bailey, 60 Misc 2d 283 [1969].)
However, there is a second line of cases which holds that when a statute defining a crime contains an exception found outside of the statute, that exception is generally a matter for the defendant to raise in defense either under the general issue or by affirmative defense. (See, People v Thomas, 70 NY2d 823 [1987] [finding that the Vehicle and Traffic Law § 1194 portion of Vehicle and Traffic Law § 1192 (2) statute is not an element of the crime]; People v Romano, 188 Misc 2d 368 [2001] [finding that the reference to the term “labor disputes” found in Penal Law § 215.50 does not constitute an exception, because the lengthy definition of “labor disputes” is found outside of the Penal Law]; People v D’Angelo, 284 AD2d 146 [2001]; People v Feiler, 191 Misc 2d 390 [2002] [adopting Judge Módica’s analysis in Romano, supra]; People v Luna, NYLJ, Oct. 26, 2001, at 22, col 2 [stating that the labor law language found in Penal Law § 240.25 constitutes a proviso because the Legislature did not intend to add additional elements to the crime in amending the statute].)
In this line of cases, the courts relied on People v Devinny (227 NY 397, 401 [1919]) and People v Taylor (256 AD2d 647 [1998]) in reasoning that the requirements of common sense, reasonable pleading and practical applications warrant the treatment of language found outside the Penal Law as provisos, rather than exceptions.
Similarly, in this instance the definition of “unlawful” is only incorporated into the Penal Law by cross reference. The actual definition of the term “unlawful” is found in article 33 of the Public Health Law.
Since the exception herein is outside the statute charged, it need not be pleaded. Therefore, the court finds that the accusatory instrument in this action is facially sufficient for pleading purposes. As such, defendant’s motion to dismiss on that basis *428 is denied. However, the People still have the burden of showing at trial that the defendant did not purchase the needles at a pharmacy.
4. Public Health Law § 3396 Does Not Apply to Penal Law Actions
The People argue that mere possession is presumed unlawful. However, for their argument the People do not rely on Public Health Law § 3381 (1) (c) and (6), which defines “unlawful possession” and is incorporated into Penal Law § 220.45 by reference. Instead, the People rely on Public Health Law § 3396 (1) for their contention that the possession is presumed unlawful and that the defendant bears the burden of establishing that his possession was lawful.
The People’s reliance on Public Health Law § 3396 (1) is misplaced. Public Health Law § 3396 (1), violations and penalties, states: “[i]n any civil,- criminal or administrative action or proceeding brought for the enforcement of any provision of this article, it shall not be necessary to negate or disprove any exception, excuse, proviso or exception contained in this article, and the burden of proof . . . shall be upon the person claiming [the defense].”
In this instance, the proceeding is not being brought forth by any provision of article 33 of the Public Health Law. Indeed, the case herein arose from allegations that the defendant violated Penal Law § 220.45, which merely incorporates article 33 of the Public Health Law by reference, substantively, for the definition of the element “unlawful.” The fact that article 33 also contains sections dealing with the procedural process for proceedings brought forth under any provision of the article does not change the fact that the defendant stands charged of violating the Penal Law, nor does it automatically transfer the applicability of the Public Health Law’s procedural guidelines to cases prosecuted under the Penal Law.
A historical analysis of the Public Health Law statutes clearly shows that the legislative intent was to limit the applicability of Public Health Law § 3396 to actions brought forth under the enforcement of the article itself. For example, Public Health Law former § 3354 (1) stated that “in any complaint, information, or indictment, and in any action or proceeding brought under the enforcement of any provision of this article, it shall not be necessary to negate or disprove any exception, excuse, proviso, or exemption contained in this article, and the burden of proof . . . shall be upon the defendant.” (Emphasis added.)
*429 Conversely, Public Health Law § 3396 narrows the applicability of the statute by eliminating the language which reaches to actions brought forth outside of article 33 of the Public Health Law. Specifically, section 3396 limits its reach by stating that the section applies to “any civil, criminal or administrative action or proceeding brought for the enforcement of any provision of this article, it shall not be necessary to negate or disprove any exception, excuse, proviso or exemption contained in this article, and the burden of proof . . . shall be upon the person claiming its benefit.” (Emphasis added.)
Therefore, it is clear that the Legislature did not intend for the shift of burden of establishing the defense exception to apply to proceedings under the Penal Law. (See, L.B. v Town of Chester, 232 F Supp 2d 227 [SD NY 2002].)
It is Penal Law § 25.00 that is the governing statute as to defenses and burdens of proof in this action, because the defendant is charged with violating the Penal Law, not the Public Health Law. Under Penal Law § 25.00 (2), the defendant has the burden of establishing a defense by a preponderance of the evidence only when such defense has been declared by statute to be an affirmative defense. Penal Law § 220.45 is devoid of any declaration of an affirmative defense. Accordingly, the defendant does not bear the burden of showing at trial that he possessed the hypodermic needle lawfully.
Additionally, the cases that the People rely on for their contention that Public Health Law § 3396 is applicable to actions brought forth pursuant to the Penal Law are distinguishable. For example, the People cite People v Gray (68 Misc 2d 280 [1971]) and People v Strong (47 AD2d 798 [1975]) for the proposition that the defendant has the burden of establishing by preponderance of the evidence that his possession was lawful. However, the holdings of these cases were based on an interpretation of former section 3354 and former section 3395, which, unlike section 3396, contain language extending the applicability to “any complaint, information, or indictment, and in any action or proceeding brought under the enforcement of any provision of[A]rticle 33.” (Emphasis added.)
The People also erroneously cite L.B. v Town of Chester (232 F Supp 2d 227 [SD NY 2002]) in support of their proposition, when in fact L.B. expressly rejected the applicability of Public Health Law § 3396 to Penal Law § 220.45.
Therefore, as discussed above, even though the People do not have to plead that the defendant did not purchase the needles *430 at the pharmacy, the defendant does not bear the burden at trial of showing that his possession comes within the exception.
5. Reservation of Rights
Defendant’s request for the right to make future and further motions, as many as may be necessary, based upon information and disclosure which may result from granting the requests herein is granted pursuant to CPL 255.20 (3) (People v Frigenti, 91 Misc 2d 139 [1977]).
Wherefore, it is the decision of this court that this matter does not merit dismissal.

 The actual date of offense is unclear. The complaint states the time and place of occurrence (hereinafter TPO) is January 9, 2003. However, police paperwork provided during the discovery process denotes January 13, 2003 as the TPO.