*399 OPINION OF THE COURT
Sheryl L. Parker, J.
The defendant was indicted for attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) (count 3), criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]) (count 4), criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) (count 5), reckless endangerment in the first degree (Penal Law § 120.25) and reckless endangerment in the second degree (Penal Law § 120.20).
Since it is undisputed that the defendant was 15 years of age at the time of the commission of these offenses, the jurisdiction of this court is contingent upon the three weapons counts, viz., counts 3, 4 and 5, being juvenile offender offenses.
The defendant has filed a notice of motion and accompanying affidavit, dated September 30, 2013, seeking to dismiss the indictment pursuant to CPL 210.20 (1) (a) and 210.25 (1), on the grounds that the indictment is defective.
The People have responded by an affirmation in opposition and memorandum of law with an exhibit, dated October 21, 2013.
It is the defense’s contention that the indictment is defective in that the third, fourth and fifth counts fail to allege an element of the crime, viz., that the weapon was possessed on “school grounds” as defined in Penal Law § 220.00 (14); and that such allegation is required by Penal Law § 30.00 (2).
Section 30.00 (2) of the Penal Law provides for criminal responsibility if a 15 year old violates Penal Law § 265.03 “where such . . . firearm is possessed on school grounds, as that phrase is defined in [Penal Law § 220.00 (14)].” Although the grand jury was charged as to the provisions of Penal Law § 30.00 (2) and Penal Law § 220.00 (14), the counts as set forth in the indictment do not allege that possession took place on “school grounds.” It is the defense position that such failure warrants dismissal of the three weapons counts as defective since possession on school grounds constitutes an element of the crime.
The defense argument fails for two reasons:
Pursuant to Penal Law § 30.00 (2), a defendant 14 or 15 years of age is precluded from raising the “defense of infancy” when *400 charged with the offense of possession of a weapon under Penal Law § 265.03, where such weapon is possessed on “school grounds,” as defined in Penal Law § 220.00. It is the burden of the defendant to raise this defense, at which time the People must disprove it beyond a reasonable doubt (see Penal Law § 25.00 [1]).* Accordingly, it is not the responsibility of the People to prove this defense in the first instance because it is not an element of the crime.
Additional support for the foregoing is found in the distinction between a proviso and an exception. Exceptions to statutes must be affirmatively negatived by the prosecution whereas provisos are matters of defense (People v Devinny, 227 NY 397 [1919]). An exception must be pleaded in an indictment, that is, the pertinent count must allege that the crime is not within an exception contained within the statute defining the offense (People v First Meridian Planning Corp., 201 AD2d 145 [3d Dept 1994], affd on other grounds 86 NY2d 608 [1995]).
Statutory provisions that are found outside the statute at issue are provisos that the defendant may raise in defense and not an exception that must be pleaded and proved by the prosecution (see People v Lobianco, 2 Misc 3d 419 [Crim Ct, Kings County 2003]). The definition of “school grounds,” found outside of Penal Law § 265.03, is therefore a proviso.
Accordingly, for the foregoing reasons, the motion to dismiss is denied.

 The determination of whether a person under 16 is properly charged as a juvenile offender is in most cases determined as a matter of law by the court upon a motion to dismiss pursuant to CPL 210.20 (1) (h) on the ground that there is a jurisdictional or legal impediment to conviction. It is interesting to note that the Criminal Jury Instructions, in light of the ordinary practice of dealing with the issue of infancy, does not contain a charge on the infancy defense.