The People of the State of New York, Respondent, 
against
Gregory Reddick, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J. on motion to dismiss, Steven M. Statsinger J. at trial), rendered February 17, 2017, after a jury trial, convicting him of resisting arrest, and imposing sentence.




Per Curiam.
Judgment of conviction (Heidi C. Cesare, J. on motion to dismiss, Steven M. Statsinger J. at trial), rendered February 17, 2017, affirmed.
With respect to the charge of unlawful vending in violation of the New York City Parks and Recreation Department Rules (see 56 RCNY 1-05[b]), the accusatory instrument was not jurisdictionally defective. It alleged that defendant was observed on Pier 15 selling tour tickets without a valid New York City Parks permit. 
Contrary to defendant's contention, the accusatory instrument was not required to allege the inapplicability of the "expressive matter" exception to the permit requirement. As a matter of "common sense and reasonable pleading" (People v Devinny, 227 NY 397, 401 [1919]), the City's Parks Department did not intend that the People plead and prove that defendant was not vending expressive matter in every unlawful vending prosecution (see People v Davis, 13 NY3d 17, 31 [2009]). Particularly given the definition of expressive matter (see 56 RCNY 1-02) and the detailed list of time, place and manner restrictions of vending expressive matter set forth Rule 1-05(b)(2) and (b)(3), to require the People to plead and negate the existence expressive matter would require them to go to intolerable lengths. Such efforts would serve no useful purpose of narrowing issues or giving notice, but merely give rise to technicalities that could be used belatedly to stifle an otherwise valid prosecution (see Davis at 32). Thus, the reference to expressive matter in Park's Department Rule 1-05 does not constitute an exception to the Rule that must be pleaded and proved by the People, but rather constitutes a proviso, a matter for defendant to raise as a defense (see People v Devinny, 227 NY at 401; People v D'Angelo, 284 AD2d 146 [2001], affd 98 NY2d 733 [2002]; McKinney's Cons Laws of NY, Book 1, Statutes § 211).
Defendant's double jeopardy argument is without merit. The prohibition against double [*2]jeopardy was not implicated when the trial court dismissed the resisting arrest charge, which was a single count of a multi-count prosecution, and then vacated the dismissal the next day, while the case was still pending (see Matter of Lionel F., 76 NY2d 747 [1990] cert denied 498 US 923 [1990]; People v Tardbania, 130 AD2d 954, 956 [1987], affd on other grounds 72 NY2d 852 [1988]). "Under the circumstances, the court's original decision was not an acquittal for purposes of double jeopardy and its immediate vacatur of its earlier ruling did not subject [defendant] to a second trial" Matter of Lionel F., 76 NY2d at 749) .
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 29, 2018